**In re LMS HOLDING COMPANY, an Oklahoma corporation, EIN: 73–1325164, Petroleum Marketing Company, an Oklahoma Corporation, EIN: 73–0399271, Retail Marketing Company, an Oklahoma Corporation, EIN: 73–1196027.**

Bankruptcy Nos. 91–03412–C to 91–03414–C.

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 4, 1993.

Thomas A. Creekmore, Tulsa, OK, for debtors.

J. Joseph Raymond, Dept. of Justice, Tax Div., Washington, DC, for I.R.S.

FINDINGS OF FACT AND CONCLUSIONS OF LAW, RE: DEBTOR'S OBJECTION TO CLAIM NO. 267

STEPHEN J. COVEY, Chief Judge.

This matter is before the Court upon the objection of debtor-in-possession Retail

Marketing Company ("RMC") to claim number 267 filed by the Internal Revenue Service ("IRS") on behalf of the United States of America.[1] In its objection, RMC challenges the classification of those taxes listed in the United States' claim as unsecured priority.

In reliance upon briefs, exhibits, and arguments of counsel which were made to the Court on December 16, 1992, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. In August of 1989, RMC acquired certain assets from the Chapter 11 bankruptcy estate of Mako, Inc. ("Mako"), case number 88–00475 in the United States Bankruptcy Court For The Eastern District Of Oklahoma, pursuant to the Restated First Amended Creditor's Plan of Liquidation Submitted by Delaware County Bank, as Modified (the "Mako Plan").

2. Section 5.03(a) of the Mako Plan read as follows:

5.03(a) The Allowed Tax Claims shall be deemed paid in full by the payment of the amounts set forth in Exhibit "E" hereto, in six (6) annual installments with interest at the rate of 10.5% per annum * * *.

Exhibit "E" to the Mako Plan listed the following claim: "United States of America, Internal Revenue Service.... $330,-520.26."

3. On September 27, 1991, RMC filed a petition in bankruptcy under Chapter 11 of the Bankruptcy Code (11 U.S.C.).

4. On November 19, 1991, the IRS filed Claim No. 121 on behalf of the United States for the following tax periods and types of taxes for which IRS claimed a Section 507(a)(7) unsecured priority:

| Kind of Tax | Tax Period |
|---|---|
| 1. WT–FICA | 09/30/89 |
| 2. FUTA | 12/31/89 |
| 3. WT–FICA | 03/31/91 |
| 4. WT–FICA | 09/30/91 |

The total amount of the claim was $133,-699.36.

5. On March 12, 1992, the IRS filed Claim No. 260 on behalf of the United States which stated that it was an amendment to Claim No. 121. In addition to listing new secured claims and the unsecured priority claims referred to in paragraph 3 above, it listed the following new unsecured priority claims:

| Kind of Tax | Tax Period | Tax Due | Interest Due |
|---|---|---|---|
| WT–FICA | 9/30/84 | $ –0– | $ 32.85 |
| EXCISE | 12/31/87 | 60,475.00 | 1,691.46 |
| FUTA | 12/31/87 | 7,794.79 | 230.30 |
| WT–FICA | 12/31/87 | 159,941.97 | 4,449.12 |
| EXCISE | 3/31/88 | 70,852.23 | –0– |
| EXCISE | 6/30/88 | 10,000.00 | –0– |
| WT–FICA | 6/30/88 | 14,052.54 | –0– |
| CORP–INC | 8/31/88 | 1,000.00 | –0– |
| | TOTAL | $330,520.26 | |

These taxes were originally incurred by Mako and assumed by RMC. They are the same unsecured priority claims which the United States made against the bankruptcy estate of Mako and which are the subject of paragraph 5.03(a) of the Mako Plan.

6. On October 1, 1992, the IRS filed Claim No. 267 on behalf of the United States which stated that it was amendment #2 to Claim No. 121. It contained all unsecured priority claims listed in Claim No. 260, and referred to in paragraph 4

---

1. In a separate adversary proceeding, debtor RMC has challenged the United States' secured claims.

above, except that it deleted the following: FICA tax for the period ending 9/30/84, excise tax for the period ending 6/30/88, and corporate income tax for the period ending 8/31/88. After making these deletions, Claim No. 267 contained total unsecured priority taxes in the amount of $319,-487.41.

7. On December 1, 1992, debtor RMC filed an objection to Claim No. 267.

## CONCLUSIONS OF LAW

■ A. The United States has asserted claims for two types of taxes for which it seeks unsecured priority status: withholding and excise taxes. Bankruptcy Code (11 U.S.C.) § 507(a)(7)(E) states that, in order for an excise tax to receive priority, the return relative to the tax must have been due within the three-year period immediately prior to the petition date. The returns for both excise tax periods claimed as priority were due more than three years prior to the petition date; therefore, these claims are not entitled to priority and are properly classified as unsecured general.

■ B. There are four requirements necessary for a claim to receive priority under Bankruptcy Code Section 507(a)(7)(C):

(1) it is a claim of a governmental unit,

(2) which is for a tax,

(3) that is required to be collected or withheld, and

(4) for which the debtor is liable in whatever capacity.

Debtor has not contested requirements (1) and (3). However, as to requirement (2), debtor argues that its liability to the United States was solely contractual in nature and, therefore, not of a type entitled to priority under Bankruptcy Code § 507(a)(7). The parties were unable to cite to the Court any authority directly on point. However, the Court is persuaded by the reasoning of the bankruptcy court in the case of *In re White Farm Equipment Company*, 103 B.R. 177, 181 (Bankr.N.D.Ill.1989), aff'd 943 F.2d 752 (7th Cir.1991). That case involved successive bankruptcies separated by about four years. The *White* court analyzed the case as if the reconstituted White Farms that emerged from bankruptcy [WFE II] was an entity separate and apart from the debtor in the original bankruptcy.

Under bankruptcy law, the WFE I [White Farm Equipment I] Plan could not have been confirmed unless the obligor under the Plan was required to pay the entire tax claim as provided in § 1129(a)(9)(C). The obligor under the WFE I Plan was the reorganized corporation, WFE II. WFE II remained obligated to pay the tax claim which never lost its tax priority. **Once a tax, always a tax.**

Under tax law, WFE II stepped into the shoes of WFE I. A reorganized corporation after bankruptcy is like a successor corporation which receives the assets and assumes the liabilities of the predecessor corporation. * * * **If WFE I was liable for a seventh priority tax claim, then WFE II acquired that exact obligation.**

103 B.R. at 181 (emphasis added). As RMC acquired the "exact obligation" of Mako, the nature of the United States' claim did not change by the mere transfer of the obligation from Mako to RMC.

■ C. The last requirement for a finding of priority is that the debtor be "liable in whatever capacity." No argument has been made by debtor that it is not liable for the withholding taxes claimed by the United States and, pursuant to Section 5.03(a) of the Mako Plan, debtor is in fact liable for these taxes. Debtor asks the Court to consider the legislative history behind Section 507(a)(7)(A) which states that this section also covers a debtor's liability for withholding taxes as a responsible person under Section 6672 of the Internal Revenue Code (26 U.S.C.). Debtor argues that Congress in using the term "liable in whatever capacity" intended only to extend priority to responsible persons under Internal Revenue Code § 6672 and not, like RMC, to transferees who assume another's tax liability. However, the clarity of Section 507(a)(7)(C) does not leave this Court room to consider the legislative history for the

Supreme Court has made it clear that statutes must be construed pursuant to their plain meaning.

> [I]t must be assumed that what the Members of the House and Senators thought they were voting for, and what the President thought he was approving when he signed the bill, was what the text plainly said, rather than what a few Representatives, or even a committee report, said it said.

*United States v. Taylor*, 487 U.S. 326, 344, 108 S.Ct. 2413, 2424, 101 L.Ed.2d 297 (1988) (concurrence of Justice Scalia); *See also Patterson v. Shumate*, — U.S. —, —, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992). Congress could hardly have chosen broader language than "in whatever capacity." The plain meaning of this language does include transferees such as RMC.

THEREFORE, IT IS HEREBY ORDERED that the United States is allowed an unsecured priority claim under Bankruptcy Code § 507(a)(7)(C) for the withholding taxes listed in Claim No. 267 in the amount of $186,468.72 and the balance of the claim is to be classified as unsecured general.