In re Norman H. BATES and Beverly Ann Bates, Debtors.

Norman H. BATES and Beverly Ann Bates, Appellants,

v.

UNITED STATES of America, Appellee.

No. 92–8005.

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1992. ·

Dennis K. Ridley and Janet L. Tyler of Dennis K. Ridley & Associates, Cheyenne, Wyo., for appellants.

Richard A. Stacy, U.S. Atty., Cheyenne, Wyo., James A. Bruton, Acting Asst. Atty. Gen., Gary D. Gray and Annette M. Wietecha, Dept. of Justice, Washington, D.C., for appellee.

Before MOORE, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. and Mrs. Bates (Debtors) filed a Chapter 13 bankruptcy petition. Their prepetition federal tax liability was classified into secured and priority status. Debtors challenge this classification. We affirm.

The facts are neither complicated nor disputed. Debtors owned a lumber business and failed to pay all federal employment taxes that were due and owing. Debtors owed the government $61,212.89. Of this amount, $39,714.72 were trust fund taxes and $21,498.17 were non-trust fund taxes.[1] The Internal Revenue Service per-

---

1. Trust fund taxes are those monies Debtors withheld from the employees' wages to pay the

fected its lien for the full amount due against Debtors' property by timely and properly filing notices of lien.

Debtors then filed a petition seeking Chapter 13 bankruptcy relief. Only two creditors were listed: the mortgagee of Debtors' residence,[2] and the IRS. Various unencumbered personal property was listed subject to the bankruptcy, which had an undisputed fair market value of $21,950.

Debtors ultimately presented an amended Chapter 13 plan whereby they proposed to classify the amount of the unpaid trust fund tax ($17,591.25), exclusive of interest, as a class two priority claim that would be paid in full and the balance of their federal tax liability as an unsecured claim that would be satisfied only to the extent of available income, which would amount to "at least $1,000."

The government challenged this plan asserting: It was a secured creditor by virtue of filing the notices of tax liens; the non-trust fund tax liability ($21,498.17) is completely secured as the amount owed was less than the fair market value of the property ($21,950); and the balance of the tax liability should be classified as a priority claim. Debtors then filed a "Motion to Determine Characterization of Tax Claims as Secured or Priority Claims."

The bankruptcy court classified the pre-petition non-trust fund tax liability (including the tax, associated interest, and the penalties thereon) as a secured claim against Debtors' personal property as it had a higher value. The bankruptcy court classified the balance of the tax liability, being the amount of the trust fund liability including the actual taxes plus the associated interest, as a priority claim.

## I

Chapter 13 of the Bankruptcy Code mandates the debtor submit a plan dedicating future income to the payment of existing debts. Generally speaking, the debts are then classified into three general categories: secured, priority, and general unsecured debts. For a plan to be confirmed, secured debts must be paid to the extent of the value of the property securing the debt. Priority debts must be paid in full. General unsecured debts must be paid only to the extent of the available future income dedicated to this purpose. This appeal involves the questions of whether the debtor or the bankruptcy court has the power to classify a debt; how federal tax claims must be classified; and how the unsecured balance of a secured claim is classified.

## II

Debtors assert a debtor in a Chapter 13 reorganization plan has the right to direct the IRS application of payments made under the plan. They argue the payments to be made should be applied to the payment of trust fund taxes only.

Given the posture of this case, Debtors' assertions are inapposite. Debtors are not seeking to direct payments first to one category of debt and then to another. Rather, Debtors seek to change the classification of debts from one category, where full payment is required, to another category where less than full payment is required. Stated differently, Debtors seek to change the classification of the tax liability from priority to unsecured.

Debtors cite *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990) as supportive of their position. Debtors are wrong. *Energy Resources* involves a Chapter 11 reorganization where the debtor proposed to pay all taxes, both trust fund and non-trust fund. The Supreme Court held a bankrupt-

---

employees' income taxes and the employees' share of the social security tax. Although no penalties are included in the trust fund tax amount, interest is included to the date Debtors filed their Chapter 13 bankruptcy petition. Non-trust fund taxes represent Debtors' (as employers) share of the social security tax and federal unemployment taxes, including interest and penalties.

**2.** Neither the residence nor mortgagee are relevant to the issues presented. Debtors represented the value of the residence was greater than the amount owed and apparently elected to pay this debt in accordance with its terms outside the bankruptcy.

cy court may order the IRS to apply payments to the trust fund taxes if doing so is necessary to reorganization. Furthermore, although the Supreme Court held the bankruptcy court possessed broad authority to designate payments, it did not necessarily *require* the bankruptcy court to order payments first be applied to trust fund taxes before satisfying non-trust fund taxes. The Court specifically noted the designation would not compromise the government's right to be assured of full payment of its tax claim. *Id.* at 549–51, 110 S.Ct. at 2142–43. However, in the case before us, Debtors propose to pay only a portion of their tax liability. *Energy Resources* is inapposite. In short, the issue of designation of payments is not presented by the facts in this case.

### III

The resolution of this case is dependent upon the proper classification of Debtors' federal employment tax liability.

■ We commence our analysis by noting Debtors owed federal employment taxes, both trust fund and non-trust fund. It is also significant to note the IRS properly and timely filed pre-petition notices of tax lien pursuant to 26 U.S.C. § 6321,[3] and this action had the effect of impressing upon Debtors' property a lien in favor of the United States in the amount of $61,212.89. Pursuant to this statute, the amount of the lien included the amount of unpaid taxes, interest and penalties. This tax lien is a security established by statute which the government may avail itself in the event of default in payment. *United States v. Phillips,* 267 F.2d 374, 377 (5th Cir.1959).

Having established this necessary background, we turn now to the bankruptcy law. The IRS asserted its full claim of $61,212.89 was secured by virtue of its filing of the notices of tax lien. Section 506 of the Bankruptcy Code provides this claim will be considered a secured claim only to the extent of the value of the property securing the debt. *In re Dewsnup,* 908 F.2d 588, 590 (10th Cir.1990), *aff'd,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Section 506(a) of the Bankruptcy Code (11 U.S.C. § 506(a)) provides the balance of this secured claim is an allowed unsecured claim.

Section 507 of the Bankruptcy Code (11 U.S.C. § 507) establishes a priority for the payment of specified unsecured claims. The seventh priority includes "allowed unsecured claims" to the extent the claim is for "a tax required to be collected or withheld" (trust fund taxes), § 507(a)(7)(C), or "an employment tax on a wage ... earned from the debtor" (non-trust fund taxes), § 507(a)(7)(D). The IRS is an unsecured claimant who has been granted priority status ahead of the general unsecured creditors, thus this claim is a priority claim. Under 11 U.S.C. § 1322(a)(2), the plan must provide for full payment of all unsecured priority claims. The net effect of this mandatory plan provision is to deny discharge of priority tax claims in Chapter 13 bankruptcy plans. Tax claims entitled to priority under § 507(a)(7) are not dischargeable in Chapter 13 bankruptcy.

### IV

Included in the allowed unsecured claim is an amount representing a penalty for the failure to pay the trust fund portion of the taxes. Debtors contend that penalties assessed for nonpayment of federal taxes can be classified only as a general unsecured claim and cannot be classified a priority claim.

■ As a general rule, penalties and the interest thereon are not in compensation for pecuniary loss and are not entitled to priority. Pre-petition tax penalties that are punitive in nature and not evidenced by recorded federal tax liens encompassing otherwise unencumbered properties of debtor are unsecured, non-priority claims.

---

**3.** 26 U.S.C. § 6321 reads:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Exceptions exist as to all general rules, and this rule carries an exception. The IRS perfected its lien upon debtors' property by filing the required notice. 26 U.S.C. § 6321 defines the lien to include both penalties and interest. A federal tax lien secures both the trust fund portion and the non-trust fund portion including penalties and interest. In the case before us, the lien is secured only to the extent of the value of the property. Section 507(a)(7)(C) and (D) of the Bankruptcy Code, which specifies the claims entitled to priority as well as the order of priority, then dictates the unsecured balance of this claim must be treated as a priority claim when it directs a seventh priority for certain taxes constituting "allowed unsecured claims of governmental units."

## V

Debtors had pre-petition tax debt, which was secured by virtue of a tax lien. Debtors paid the actual amount of taxes due for three of the six quarters. Debtors did not pay the interest accumulated prior to payment of the actual taxes. Debtors assert this interest cannot be accorded secured or priority status.

Pre-petition interest on federal employment taxes is a priority claim. *In re Garcia*, 955 F.2d 16, 18–19 (5th Cir.1992); *In re Larson*, 862 F.2d 112, 119 (7th Cir.1988). Pre-petition interest has the same priority as the underlying tax providing the interest accrued pre-petition. Accordingly, Debtors' argument lacks merit.

AFFIRMED.