**In re Rudy BOSSERT, Debtor.**

**Rudy BOSSERT, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

Bankruptcy No. 88–00205–R32.
Adversary No. A95–0078–R32.

United States Bankruptcy Court,
E.D. Washington.

Oct. 16, 1996.

Frank L. Kurtz, Kurtz, Hurley, Lara & Adams, Yakima, WA, for Rudy Bossert.

Berry A. Heatley, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for United States of America.

## MEMORANDUM OPINION

JOHN A. ROSSMEISSL, Chief Judge:

### FACTS

Rudy Bossert (Debtor) filed a petition for relief under Chapter 12 of the Bankruptcy Code on January 21, 1988. The Debtor proposed a plan which was confirmed on December 14, 1988. The Debtor successfully completed this plan and a discharge was entered June 14, 1994. Pursuant to the plan, the Internal Revenue Service (IRS) received payments sufficient to pay the Debtor's pre-filing tax liability in full, but insufficient to pay post-filing interest or penalties. On January 30, 1995, the IRS issued a notice of levy for the unpaid interest and penalties.

The Debtor, contending that the amounts owed to the IRS had been completely satisfied by his full performance under the plan, instituted this adversary proceeding to determine his liability for the interest and penalties.

The following schedule reflects the critical facts concerning the Debtor's original liability for taxes, payments made, and the IRS' computation of additional interest and penalties asserted to remain unsatisfied.[1]

| TYPE TAX | PERIOD ENDED | AMOUNT ASSESS-MENT | INTEREST DUE 1/21/88 | PENALTIES DUE 1/21/88 | POST 1/22/88 INTEREST | POST 1/22/88 PENALTIES | DEBTORS PAYMENTS | IRS CLAIMS DUE |
|---|---|---|---|---|---|---|---|---|
| 940 | 12/31/84 | 1,213.10 | 72.38 | —— | 1,006.25 | 61.37 | (1,385.35) | 967.75 |
| 941 | 9/30/86 | 213.96 | 21.95 | 207.80 | 187.53 | —— | (235.88) | 187.56 |
| 943 | 12/31/84 | 868.47 | 69.45 | —— | 645.15 | 162.04 | (1,639.38) | 123.99 |
| 943 | 12/31/85 | 2,303.31 | 419.34 | 33.44 | 1,872.76 | 523.86 | (5,002.97) | 134.40 |
| 943 | 12/31/87 | 10,977.98 | —— | 2,016.36 | 8,731.11 | 896.16 | (9,971.78) | 10,663.47 |
| | TOTAL | 15,776.82 | 583.12 | 2,257.60 | 12,442.80 | 1,643.43 | (18,235.36) [2] | 12,047.17 |

Both parties have moved for summary judgment.

### JURISDICTION

This court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(a), Amended General Order of United States District Court for the Eastern District of Washington dated May 8, 1985 (referring all bankruptcy cases and adversary proceedings to the Bankruptcy Judges of the district) and 28 U.S.C. § 157(a). This is a core proceeding under § 157(b)(2)(A) and (I).

### ISSUES

There are two issues before the court:

1. This schedule is based on the Declaration of Daniel J. Morgan dated December 12, 1995, wherein he described the IRS' calculation of liability and application of payments.

2. The figures in this column reflect the IRS' application of payments. The court expresses no opinion as to the propriety of these application of payments at this time.

1. Is a Chapter 12 debtor liable post discharge for post-petition interest on pre-filing tax obligations that are fully paid under the debtor's Plan? [3]

2. Is a Chapter 12 debtor liable for tax penalties post discharge?

## DISCUSSION

### I. *Liability For Post–Petition Interest on Tax Debt in a Chapter 12 Case.*

■ The dispute between the parties as to the Debtor's liability for post-petition interest on his tax debt is the most significant dispute in terms of amount, $12,442.80.

The Debtor contends that under the terms of 11 U.S.C. § 1222(a)(2), he need pay only the amount of his tax liability as of the date of filing his Chapter 12 case. Since he did pay that sum in full during the course of his plan and received a discharge, he argues his obligation to the IRS has been satisfied.

The IRS contends that this case is controlled by the discharge provisions of the Code relating to Chapter 12, 11 U.S.C. § 1228(a) and § 523. Under these provisions taxes are excepted from discharge. The IRS argues that interest on non-dischargeable taxes is also not dischargeable. It reasons since only tax obligations as of the date of filing have been paid, the interest accrued on those obligations post-filing is not discharged and is thus still due, owing and collectable from the Debtor.

We start our analysis of these arguments with 26 U.S.C. § 6601 of the Internal Revenue Code which provides the general rule for payment of interest on overdue taxes. Subsection (e)(1) of § 6601 provides in part "... Any reference in this title ... to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." As our Circuit has observed on this issue:

As courts have noted in the bankruptcy context before, interest is generally considered "an integral part of a continuing debt," *Bruning*, 376 U.S. at 360, 84 S.Ct. at 908, and interest on unpaid taxes is "part and parcel of the tax due" under the Internal Revenue Code. *In re Associated Air Services*, 75 B.R. [47] at 48–49 [ (Bankr.S.D.1987) ] (concluding, based on this fact, that any reference to interest in section 503(b) was "completely unnecessary"). See also 26 U.S.C. § 6601(e)(1) ("[a]ny reference in [the Internal Revenue Code] to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax"). Departing from the general rule and differentiating between taxes and interest only in this limited context makes little sense to us; ...

*In re Mark Anthony Construction, Inc.*, 886 F.2d 1101, 1107–8 (9th Cir.1989). Thus tax and interest are to be treated as one.

The Bankruptcy Code also contains provisions that are relevant to the dispute here.

The court starts its analysis of those Bankruptcy Code provisions with 11 U.S.C. § 1222(a) which provides in pertinent part:

(a) The plan shall ——

.   .   .   .   .

(2) provide for the full payment in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; ...

■ Working backwards through these provisions, it is clear that a claimant may agree to a different treatment than that specified in § 1222. In this case, the Debtor's pre-filing tax claims were dealt with in the Debtor's plan. The Debtor's amended plan, Art. III, B, p. 4 provided: "Prefiling federal taxes shall be paid in three equal annual payments beginning on the first anniversary of the confirmation of the plan." This term of the confirmed plan, taken by itself, leaves

---

**3.** In the case of a solvent debtor, post-petition interest may be required to be paid to insure that the creditors would receive at least what they would receive if the debtor was liquidated under Chapter 7. 11 U.S.C. § 1225(a)(4). This provision is not applicable in this case since the Debtor's debts exceeded his assets and an unsecured creditor would have received nothing in a liquidation.

the issue of post-filing interest on pre-filing taxes open and unresolved.[4]

The court thus moves on to the next statutory clause, whether the IRS' claims for post-filing interest are entitled to priority under 11 U.S.C. § 507. Section 507 establishes a priority scheme for paying claims. Section 507(a)(7), applicable at the time this case was filed and the plan was confirmed, provides a priority for withholding taxes pursuant to § 507(a)(7)(C) and employment taxes pursuant to § 507(a)(7)(D).[5] The taxes at issue here are either withholding taxes (941 or 943) or employment taxes (940), otherwise entitled to priority under § 507.

Section 507(a)(7) applies only to "allowed unsecured claims of governmental units". Section 11 U.S.C. § 502 deals with the allowance of claims. Section 502(b) specifies that the amount of a claim is determined as of the date of filing. Furthermore, § 502(b)(2) specifically excludes a claim for unmatured interest.

This brings us to the initial clause of § 1222(a)(2) which "provide(s) for the full payment in deferred cash payments, ..." of § 507 priority claims. Significantly, this provision is the exact language applicable to Chapter 13 cases under § 1322(a)(2).

The IRS has argued in the past that it is entitled to interest on its priority claims based on § 1222(a)(2). The court rejected this argument in *In re Herr*, 80 B.R. 135 (Bankr.S.D.Iowa 1987). Its analysis which is particularly instructive on the issue at hand, states:

> The court begins its analysis by examining the treatment of priority claims under Chapter 11 and Chapter 13 reorganizations.
>
> 11 U.S.C. section 1129(a)(9)(C) provides that, with the exception of priority claimholders that have agreed to different treatment, a Chapter 11 plan cannot be confirmed unless a holder of a priority tax claim:
>
> > [W]ill receive on account of such claim deferred cash payments, over a period not exceeding six years after a date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.
>
> *Id.* Courts have interpreted this language to mean that a taxing authority must receive interest if the plan calls for deferred cash payments. *United States v. Neal Pharmacal*, 789 F.2d 1283, 1285 (8th Cir. 1986); *In re Southern States Motor Inns, Inc.*, 709 F.2d 647, 650 (11 Cir.1983), *cert. denied*, 465 U.S. 1022, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984).
>
> 11 U.S.C. section 1322(a)(2) requires that priority claimholders in Chapter 13 be paid in full in deferred cash payments. The language of the subsection is identical to the language found in section 1222(a)(2). With respect to section 1322(a)(2), *Collier* states:
>
> > It is also important to note that while section 1322(a)(2) requires payment in full of priority claims, it does not provide for payment of their present value as of the effective date of the plan. Therefore, the payment of interest on priority claims is not required unless the court finds it necessary to satisfy the best interest of the creditors test.
>
> 5 *Collier on Bankruptcy* ¶ 1322.03 at 1322–7, 1322–8 (15th ed. 1986). *See also In re Christian*, 25 B.R. 438, 8 C.B.C.2d 14, 16 (Bankr.D.N.M.1982).
>
> Interpreting section 1222(a)(2) in a manner consistent with the way the identical language of section 1322(a)(2) has been construed by the aforementioned authorities squares with the legislative history of Chapter 12 which reveals that the new

---

**4.** The debtor argues that the terms of the confirmed plan preclude post-petition interest as a matter of *res judicata*. *In re Gregory*, 705 F.2d 1118, 1121 (9th Cir.1983); *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989). Although this argument might be viable in other circumstances, the language in the debtor's plan is not specific enough to support this argument. *But see In re DePaolo*, 45 F.3d 373, at 375 (10 Cir.1995).

(Plan confirmation does not bind claimant whose debt is non dischargeable.)

**5.** The 1994 Amendments to the Bankruptcy Code have changed the numbering system of § 507. The applicable provisions are now found at § 507(8). Since this case arose under the pre–1994 Bankruptcy Code, we will refer to § 507(a)(7) throughout this decision.

chapter was patterned to a large extent after Chapter 13. *See* 132 Cong.Rec. S 15076 (daily ed. Oct. 3, 1986) (statement of Sen. Grassley). Moreover, had Congress intended that unsecured priority claimholders always receive interest in Chapter 12 by virtue of section 1222(a)(2) it could have added traditional "present value" language to the provision. *Compare* 11 U.S.C. sections 1129(a)(9), 1129(b)(2)(A)(i)(II), 1225(a)(5)(B)(ii) and 1325(a)(5)(B)(ii). Given the absence of such language, the court concludes that Congress did not intend deferred cash payments made under section 1222(a)(2) to include interest in every case. (Footnotes omitted.)

*In re Herr,* 80 B.R. at 136–7.

The position taken by the court in *Herr* is the majority view on the issue. *In re Wakehill Farms,* 123 B.R. 774, 775 (Bankr. N.D.Ohio 1990) and the authorities cited therein.

The IRS answers, the *Herr* line of authority deals with the issue of what is required for confirmation of a Chapter 12 plan. The IRS argues that the issue that is before the court is a discharge issue and thus the controlling code section is 11 U.S.C. § 1228(a)(2). That section provides as follows:

(a) As soon as practicable after completion by the debtor of all payments under the plan, other than payments to holders of allowed claims provided for under section 1222(b)(5) or 1222(b)(10) of this title, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan allowed under section 503 of this title or disallowed under section 502 of this title, except any debt—

.    .    .    .    .

(2) of the kind specified in section 523(a) of this title.

Relying on this section, the IRS argues that tax claims entitled to priority under § 507(a)(7) are not dischargeable under the terms of § 523(a)(1)(A). The argument continues that if the basic debt is not discharge-

able the interest on this debt is not dischargeable, relying on *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964).

*Bruning, supra,* involved the interpretation of § 17 of the Bankruptcy Act, the statutory predecessor to current discharge provisions in the Bankruptcy Code. Bruning had incurred tax liabilities prior to filing bankruptcy under what would now be Chapter 7. The IRS filed a claim in the bankruptcy case and received a small distribution from the bankruptcy estate. Bruning was granted a discharge. The IRS then collected the remainder of the unpaid tax debt plus interest, including post-petition interest from the debtor's post-filing assets. Bruning brought suit challenging this action and seeking a refund of the money collected by the IRS attributable to post-filing interest on the admittedly non-dischargeable tax debt. Chief Justice Warren spoke for the Court in ruling against the taxpayer on the issue of discharge of post-petition interest on non-dischargeable debt:

Initially, one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount. Thus, it has never been seriously suggested that a creditor whose claim is not provable against the trustee in bankruptcy loses his right to interest in a post-bankruptcy action brought against the debtor personally. In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason indicate that post-petition interest on a tax claim excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

376 U.S. at 360, 84 S.Ct. at 907–08.

There are a number of points that distinguish this ruling from the case before the court. First, in the scheme of Chapter 12, the discharge does not occur until the plan has been fully completed. § 1228(a). The Plan must provide for payment of the priority tax debt in full in order to be confirmed. § 1222(a)(2). The priority non-dischargeable tax debt must be paid before the discharge is entered. § 1228(a). Thus, under the scheme of Chapter 12, priority non-dischargeable tax debt would not survive the discharge because payment in full of that debt was a precondition to entry of a discharge.

Second, the ruling in *Bruning* clearly sees post-filing interest as "an integral part of a continuing debt". 376 U.S. at 360, 84 S.Ct. at 908. Its vitality is tied to the liability on the underlying obligation and is a vehicle to promote prompt repayment of the underlying obligation. Section 1222(a)(2) prescribes the terms of "full payment" of this priority/non-dischargeable tax debt and those terms are without interest. Therefore, the IRS' argument that post-filing interest should somehow be treated differently than the underlying obligation is contrary to *Bruning* and *In re Mark Anthony Construction, Inc.*, 886 F.2d at 1107–8.

Finally, it should be pointed out that the *Bruning* ruling was based on the absence of "evidence of any congressional intent to the contrary." 376 U.S. at 360, 84 S.Ct. at 908. Congress' choice of the Chapter 13, no interest formula, is clear evidence of Congressional intent that the debtor would not be liable for post-filing interest on his tax obligations if he successfully performed his Plan and received a discharge.

*Bruning* is not dispositive of the issue before this court and when read in the context of the framework of Chapter 12, does not support the IRS' position.

The IRS acknowledges that the position it advocates is a different rule than that applicable in Chapter 13 where successful performance of the Plan discharges the tax debt, interest and penalties. It argues this differ-

ent result in Chapter 13 cases is mandated by the different language in the Chapter 13 discharge provisions. These provisions are found in 11 U.S.C. § 1328(a) which provides:

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief from this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title;

(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) or 523(a)(9) of this title; or

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

As we see, the exceptions to a Chapter 13 discharge do not include § 523(a)(1), the section which makes certain tax obligations non-dischargeable. Thus the IRS argues tax claims, interest and penalties can be discharged by fully performing a Chapter 13 Plan but not a Chapter 12 Plan.

What Congress has done in Chapter 12 is allowed the debtor to rewrite his obligations to his creditors, i.e., enter into a new contract with his creditors. *In re Ross*, 162 B.R. 785 (Bankr.N.D.Ill.1993). In enacting this remedial legislation it has provided the specific terms for repayment of the debtor's debts to the IRS. § 1222(a)(2). Those terms provide for payment of the tax and interest due at the time of filing in full, but do not require the payment of post-petition interest. This Court finds unpersuasive the IRS' argument that Congress prescribed specific repayment terms for full payment of its priority tax obligations but that once the debtor fully performs, those terms do not bind the government. Chapter 12 was enacted to give relief to debt ridden family farmers. As part of that relief package, Congress gave family farmers the same indulgences as to post-petition interest on tax debt that it already had provided to wage earners under Chapter

13. Congress did not engage in the cynical statutory slight of hand suggested by the IRS.

The IRS also argues that its position is supported by the decisions of *In re Fox*, 130 B.R. 571 (Bankr.W.D.Wash.1991) and *In re JAS Enterprises, Inc.*, 143 B.R. 718 (Bankr. D.Neb.1992). In both these cases the court found that post-filing pre-confirmation interest and penalties on pre-filing taxes were not dischargeable by confirmation of a Chapter 11 Plan. These cases are not determinative of the issue before this court. As previously noted § 1129(a)(9)(C) requires payment of interest on priority tax claims post-confirmation. Applying the same rule to the gap between filing and confirmation is simply a logical extension of the Chapter 11 prescribed statutory scheme. Section 1222(a)(2) however provides different treatment for priority tax claims in Chapter 12 by not requiring payment of interest as a requisite of confirmation. Thus it would be consistent not to require payment of interest in the post-filing pre-confirmation gap in a Chapter 12 case. Because of this different treatment between the chapters, *Fox* and *JAS* are not applicable to the situation before this court.

Policy considerations also support the Debtor's interpretation. Chapter 12 was adopted as remedial legislation to help the troubled family farmer during the greatest economic farm crisis since the Great Depression. It was proposed as a life line to help the family farmer survive. Daniel G. Epstein, Steve H. Nickles, James J. White, *Bankruptcy* Vol. 2, 9–23 pp. 684–685 (West 1992). It is reasonable that Congress would afford the beneficiaries of this new Chapter the same freedom from post-filing interest on tax liabilities which it afforded the debtors who sought relief under Chapter 13. Generally Congress modeled Chapter 12 on Chapter 13. *Id.* at p. 685. The policy considerations weighed in *Bruning v. U.S.*, of the fresh start for debtors versus the need for the government to finance itself, tip in favor of troubled farmers when weighed against its limited impact on the public fisc. The cost to the treasury of this benefit to the very limited number of debtors qualified for relief under Chapter 12 would certainly be dwarfed by the cost of this same treatment for vastly more numerous Chapter 13 debtors. Judged on policy considerations it seems more likely that Congress intended to provide this same benefit to the Chapter 12 debtor which it provided to the Chapter 13 debtor.

The court concludes that the Debtor's interpretation of these competing code provisions are superior for a number of reasons.

First, the language of § 1222(a)(2) requires the debtor to "provide for the *full* payment, in deferred cash payments" of the tax claims in question. (emphasis added.) In enacting this provision Congress was writing the mandatory terms of the debtor's repayment contract with the IRS. It specifically chose not to require payment of interest by using the language from § 1322(a)(2) as opposed to that of § 1129(a)(9)(C). It provided that payment of this tax claim without interest would be "*full*" payment. This plain language, taken with the prevailing judicial interpretation existing at the time of enactment, argues strongly for this position.

The government's argument that the language of the discharge provisions should prevail is more complicated. The IRS argues that Congress established one standard for Plan confirmation, i.e., payment of priority tax claims without interest over the term of the plan, but a different rule as to the effect of discharge, i.e., interest continues to accrue on the tax debt post-filing. The Debtor's simpler more straightforward solution to statutory interpretation is preferable.

The court concludes the Debtor is not liable for post-filing interest on his pre-filing priority tax obligations post Chapter 12 discharge.

II. *The Effect of a Chapter 12 Discharge on Tax Penalties.*

■ Having dealt with the issue of the Debtor's liability for post-petition interest, the court turns now to the question of the Debtor's liability for tax penalties.

At the time of filing, the IRS had assessed a number of tax penalties against the Debtor. For the Withholding Tax due under Form

941 for the period ended 9/30/86 these assessments were as follows:

| | |
|---|---|
| Failure to Deposit Penalty | $169.64 |
| Failure to File Penalty | 29.68 |
| Failure to Pay Penalty | 8.48 |
| | $207.80 |

For Withholding Tax due under Form 943 for the period ended 12/31/85, this assessment was as follows:

| | |
|---|---|
| Failure to Pay Penalty | $33.44 |

For Withholding Tax due under Form 943 for the period ended 12/31/87, this assessment was as follows:

| | |
|---|---|
| Failure to File Penalty | $2,016.36 |

These pre-filing penalties total $2,257.60.

The amounts of these penalties were computed on flat rates as prescribed by the relevant statutes and bore no relationship to the direct financial loss to the government. Thus these pre-filing penalties were all punitive penalties designed to punish the Debtor for infractions of the tax code as opposed to compensate the government for pecuniary loss. *In re Hovan*, 96 F.3d 1254, 1257–58 (9th Cir.1996). Because they were punitive, rather than compensatory, these pre-filing penalties did not qualify for priority treatment under the terms of § 507(a)(7)(G). *Ibid.*

▬ Tax penalties "are not normally considered integral to the tax debt itself". *In re Mark Anthony Construction, Inc.*, 886 F.2d 1101, 1108 (9th 1989). Under the Bankruptcy Code penalties are treated separately from treatment of the predicate tax obligation. § 507(a)(7)(G); § 523(a)(7); § 726(a)(4). Non-compensatory, punitive tax penalties, such as these pre-filing assessment against the Debtor here, are not treated in the Chapter 12 process in the same manner as the tax liabilities on which they are based. They are not given priority treatment, therefore their payment in full over the course of the plan is not required for confirmation of the plan. § 1222(a)(2). They are treated as general unsecured claims. *In re Hovan, supra*, 96 F.3d at 1255–56. The Chapter 12 discharge provision § 1228(a) excludes from

discharge those obligations listed in § 523(a), of which section (7) deals with punitive tax penalties. Thus punitive tax penalties are not discharged by a Chapter 12 discharge unless paid under the terms of the plan.

The Debtor's plan in this case provided: "Prefiling federal taxes shall be paid in three equal annual payments beginning on the first anniversary of the confirmation of the plan." [6] Since taxes are different than penalties, this provision declares the Debtor's intent to pay the taxes but says nothing about the punitive tax penalties. Under *Hovan* punitive tax penalties are to be treated as general unsecured claims. Under the Debtor's plan general unsecured claims were to receive nothing. Therefore under the Debtor's plan the IRS was to receive nothing from the Debtor in payment of these penalties.[7]

It appears that the IRS did apply some of the Debtor's plan payments in satisfaction of these pre-filing, punitive tax penalties. This application was supported by the IRS as being "Pursuant to Revenue Ruling 73–305 and Section 56(18)2.1 of the Internal Revenue Manual, involuntary or undesignated payments from taxpayers are applied first to tax, then to penalties, and finally to interest." Declaration of Daniel J. Morgan, dated 12/12/95, p. 3, fn. 1.

It is not clear to this court why the language of Debtor's Plan does not constitute specific instructions to the IRS for application of the plan payments. *United States v. Energy Resources Co., Inc.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). However the court makes no ruling at this time on the propriety of this application of plan payments by the IRS which paid at least some of the Debtor's pre-filing penalties.

The court's attention turns now to the issue of liability for tax penalties accruing post-filing.

▬ The IRS asserts that the Debtor owes post-filing tax penalties attributable to tax liabilities as follows:

---

**6.** The debtor's amended plan, Art. III, B., p. 4.

**7.** A plan which proposed to pay holders of punitive tax penalties more than the other general unsecureds might be subject to challenge as an unfair discrimination against similarly situated claimants. § 1222(b)(1).

| Type of tax | Period Ended | Type Penalty | IRC Provision | Amount |
|---|---|---|---|---|
| 940 | 12/31/84 | Failure to Pay | 26 USC § 6651 | $ 61.37 |
| 943 | 12/31/84 | Failure to Pay | 26 USC § 6651 | 162.04 |
| 943 | 12/31/85 | Failure to Pay | 26 USC § 6651 | 523.86 |
| 943 | 12/31/87 | Failure to Deposit | 26 USC § 6656 | 896.16 |
| | | | | $1,643.43 |

Section 26 U.S.C. § 6658 provides a safe harbor from certain types of additions to tax.[8] In the words of the court in the case of *In re Woodward,* 113 B.R. 680 (Bankr.D.Or. 1990), at 684:

... This statute clearly provides that no penalties shall be added to the tax while a case is pending in bankruptcy if the tax is a pre-petition tax, i.e. "incurred by the debtor before the order for relief" and the penalties are post-petition, i.e. "the date for making the addition to the tax occurs on or after the day on which the petition was filed."

This general rule however is modified by subsection (b) of § 6658 which makes it inapplicable to failure to pay or deposit taxes "withheld or collected from others." Form 943 taxes are withholding taxes. Thus the safe harbor provided by § 6658 are not applicable to them and thus these penalties can be added on Form 943 taxes after the filing of a bankruptcy case.

Section § 6658 specifically refers to additions to tax made pursuant to 26 U.S.C. § 6651 (Failure to file tax return or to pay tax.), 26 U.S.C. § 6654 (Failure by individual to pay estimated income tax.), and 26 U.S.C. § 6655 (Failure by corporation to pay estimated income tax.). The $162.04 penalty (related to the period ended 12/31/84) and the $523.86 penalty (related to period ended 12/31/85) relate to failure to pay penalties under § 6651 and are applicable to Form 943 withholding taxes. Pursuant to § 6658, those amounts may be added to the Debtor's liability post-petition.

■ The $61.37 penalty (related to the period ended 12/31/84) is a failure to pay penalty under § 6651 assessed post-filing on a Form 940 tax, a federal unemployment tax. 26 USCS § 3301. As a § 6651 penalty on a non-withholding tax, it is covered by the safe harbor of § 6658 and is not chargeable against the Debtor post-petition.

■ Finally we come to the penalty of $896.16 (related to the period ended 12/31/87). This is a 26 U.S.C. § 6656 penalty (Failure to make deposit of taxes.)[9] which is

**8.** § 6658 Coordination with title 11.
(a) **Certain failures to pay tax.** No addition to the tax shall be made under section 6651, 6654, or 6655 for failure to make timely payment of tax with respect to a period during which a case is pending under title 11 of the United States Code—
(1) if such tax was incurred by the estate and the failure occurred pursuant to an order of the court finding probable insufficiency of funds of the estate to pay administrative expenses, or
(2) if—
(A) such tax was incurred by the debtor before the earlier of the order for relief or (in the involuntary case) the appointment of a trustee, and
(B)(i) the petition was filed before the due date prescribed by law (including extensions) for filing a return of such tax, or

(ii) the date for making the addition to the tax occurs on or after the day on which the petition was filed.
(b) **Exception for collected taxes.** Subsection (a) shall not apply to any liability for an addition to the tax which arises from the failure to pay or deposit a tax withheld or collected from others and required to be paid to the United States.

**9.** § 6656. **Failure to make deposit of taxes.**

(a) **Underpayment of deposits.** In the case of any failure by any person to deposit (as required by this title or by regulations of the Secretary under this title) on the date prescribed therefor any amount of tax imposed by this title in such government depository as is authorized under section 6302(c) to receive such deposit, unless it is shown that such failure is due to reasonable

related to a Form 943 withholding tax. Section 6656 is not one of the sections enumerated in § 6658. Thus neither the safe harbor of § 6658(a) nor the withholding exception of § 6658(b) are directly applicable.

The Legislative History of § 6658 does provide some assistance in dealing with this issue. It provides as follows:

### Present law

The Internal Revenue Code (secs. 6651, 6654, and 6655) imposes penalties for failure timely to pay certain taxes, unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect. Under bankruptcy rules, a debtor or the trustee of a bankruptcy estate may be precluded from timely paying certain taxes after commencement of the bankruptcy proceedings.

### Reasons for change

The committee believes that penalties should not be imposed for failure timely to pay certain taxes to the extent that bankruptcy proceedings preclude payment of such taxes when due.

### Explanation of provision

Section 6(e) of the bill relieves the debtor or the trustee from penalties which otherwise might be applicable under sections 6651, 6654, or 6655 of the Code for failure timely to pay certain taxes, with respect to a period during which a bankruptcy case is pending, to the extent that the bankruptcy case precludes payment of such taxes when due.[5]

Footnote 5 to the explanation states:

No inference is intended, by virtue of adoption of the rules in section 6(e) of the bill, that under present law such penalties should be imposed where a debtor or the trustee of a bankruptcy estate is precluded from timely paying such taxes by virtue of bankruptcy proceedings.

House Report No. 96–883, p. 46; Senate Report 96–1035, p. 51.

From this history the court comes to the conclusion that Congress did not intend for penalties to be imposed on debtors in bankruptcy for failures which they were precluded from complying by the Bankruptcy Code. Congress expressed a policy that in the case of tax penalties when there is a conflict between the bankruptcy rules and the tax rules, that the bankruptcy rules should control. An exception to this rule applies when the taxes upon which the penalties are based are withholding taxes.

The failure to deposit penalty described in § 6656(a) has an exception if "it is known that such failure is due to reasonable cause and not due to willful neglect, ...". Statutory prohibitions by the Bankruptcy Code would certainly appear to fall within this exception.

Thus the issue resolves down to whether the bankruptcy law precluded the Debtor from making the deposit of these withholding taxes post-petition. Withholding taxes are to be deducted from employees wages. These taxes are held in trust for payment to the IRS. *United States v. Energy Resources Co., Inc.,* 495 U.S. 545, 546–547, 110 S.Ct. 2139, 2140, 109 L.Ed.2d 580 (1990); 26 U.S.C. § 7501. As trust funds the Debtor would have "only legal title and not an equitable interest" in them. 11 U.S.C. § 541(d). *Begier v. Internal Revenue Service,* 496 U.S. 53, 60, 110 S.Ct. 2258, 2263–64, 110 L.Ed.2d 46 (1990). Thus if the trust funds could be clearly identified it would be appropriate to pay them over to the IRS, their equitable owner, even after the bankruptcy filing. However, the trust funds must be traceable. If they are not, then the bankruptcy estate prevails. *Ibid,* at 65–66, 110 S.Ct. at 2266–67. The obligation is on the taxpayer to maintain the integrity of this trust and not use the funds for his own purposes. *In re Braniff, Inc.,* 92–1 USTC ¶ 70,016, 1992 WL 179206 (Bankr.M.D.Fla.1992). There is no suggestion in this case that the Debtor had maintained the integrity of the trust funds. It was Debtor's own failure to maintain the trust, not the Bankruptcy Codes provisions, that prevented the timely deposit of the trust funds. Applying this analysis it is clear that the failure to deposit penalty was properly assessed and would not be discharged if it was not paid in the course of the Chapter 12 case.

. . . .

cause and not due to willful neglect, there shall be imposed upon such person a penalty equal to the applicable percentage of the amount of the underpayment.

In summary, the pre-filing penalties should have been treated as unsecured claims. If they were not paid, they would survive the Debtor's Chapter 12 discharge.

The Debtor is liable to the IRS for the following post-filing penalties which were not discharged:

| Type of Tax | Period Ended | Type Penalty | IRC Provision | Amount |
|---|---|---|---|---|
| 943 | 12/31/84 | Failure to Pay | 26 USC § 6651 | $ 162.04 |
| 943 | 12/31/85 | Failure to Pay | 26 USC § 6651 | $ 523.86 |
| 943 | 12/31/87 | Failure to Deposit | 26 USC § 6656 | $ 896.16 |
| | | | | $1,582.06 |

The Debtor is not liable for the $61.37 Failure to Pay penalty attributable to the Form 940 tax. The Debtor is protected from this penalty pursuant to the terms of § 6658.

### CONCLUSION

The Debtor is not liable for any post-filing interest on his priority tax liabilities which have been paid in full pursuant to the terms of his confirmed plan and by virtue of having received a Chapter 12 discharge.

The Debtor is liable for all pre-filing tax penalties which have not been paid.

The Debtor is liable for $1,582.06 in post-filing tax penalties.

The Debtor shall submit a judgment consistent with the terms of this decision within thirty (30) days of the date of this Memorandum Opinion. This judgment shall state with specificity the amount of any debt remaining owing to the IRS.