In re Robert J. THOMAS, Debtor.

Bankruptcy No. 97–32740 SR.

United States Bankruptcy Court,
E.D. Pennsylvania.

July 15, 1998.

Frederick L. Reigle, Reading, PA., Chapter 13 Trustee.

Pamela Karr Harrison, Special Asst. U.S. Atty., Philadelphia, PA.

John Larason, Waldron–Goldstein, P.C., Philadelphia, PA.

Thomas M. Rath, Asst. U.S. Atty., Philadelhia, PA.

## OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

### Introduction:

The instant matter comes before the Court upon an objection filed by debtor Robert J. Thomas (the "Debtor") to a proof of claim filed by the Internal Revenue Service (the "IRS"). A hearing on the objection was held on April 29, 1998, after the conclusion of which the Court took the matter under advisement. After receiving memoranda of law

from the parties, the matter was submitted for decision by the Court on May, 26, 1998. For the reasons which are stated more fully below, the Debtor's objection is denied, and the IRS's proof of claim, as amended, is deemed allowed.

## JURISDICTION

The Court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334; 157(a), 157(b)(1), 157(b)(2)(A), (B) and (O).

## BACKGROUND

The basic facts of this case are not in dispute. On October 17, 1997, the Debtor commenced the instant bankruptcy case by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code"). 11 U.S.C. §§ 101–1330. On Schedule F of the petition the Debtor listed the IRS as an unsecured nonpriority creditor holding both a disputed tax claim in the amount of $65,000, and a disputed claim for penalties and interest in the amount of $215,000. The Code § 341 first meeting of creditors was scheduled for, and held on, December 12, 1997. A notice sent by the Bankruptcy Court Clerk's Office established March 12, 1998 as the deadline for filing proofs of claim in the case.

The IRS timely filed a proof of claim in the case on March 11, 1998. The IRS claim, in the amount of $339,626.21, consisted of both a secured claim in the amount of $332,126.21, and an unsecured priority claim in the amount of $7,500. On March 31, 1998 the IRS filed an amended proof of claim in the amount of $276,202.51. The amended claim was comprised of a secured claim in the amount of $10,358.80, an unsecured priority claim under Code § 507(a)(8) in the amount of $241,777.36, and an unsecured nonpriority claim in the amount of $24,066.35. Thereafter, on May 12, 1998, the IRS filed a second amended proof of claim which further reduced the amount of its claim to $270,212.01. The sole difference between the first and second amended proofs of claim lies in the amount claimed due as a Code § 507(a)(8) priority—$235,786.86. The reduction in the amount of the IRS's priority claim appears to be attributable to a payment that was credited by the IRS to the Debtor's estimated income tax liability for 1994.[1]

Included within the amount claimed due as a priority is a civil penalty arising under § 6672 of the Internal Revenue Code (the "I.R.C."), 26 U.S.C. §§ 1–9833, that was assessed and upheld against the Debtor in a prior Chapter 13 case that he filed.[2] A complete breakdown of the second amended claim is as follows:

**Secured Claims**

| Tax type: | Tax period: | Assessed: | Tax due: | Penalty: | Interest: | Total: |
| --- | --- | --- | --- | --- | --- | --- |
| Income | 12/31/91 | 8/22/94 | $8,317 | — | — | |
| Int./sec'd | 10/17/02 [3] | — | $2,041.80 | — | — | |
| | | | | | | $10,358.80 |

1. See footnote 5, infra.

2. In the Debtor's prior bankruptcy case (case number 94–14759), this Court determined that the Debtor was a "responsible person" under I.R.C. § 6672 and was properly assessed a 100% penalty by the IRS for "trust fund" type employment taxes that had been withheld from employees' wages, but which were not remitted to the government. In re Thomas, 187 B.R. 471 (Bankr. E.D.Pa.1995). Trust fund taxes are those personal income and social security taxes which

employers are required to withhold from employees' paychecks. See I.R.C. §§ 3102(a) and 3402(a). After being withheld, these taxes are held "in trust" for the United States. Id., at § 7501(a). I.R.C. § 6672 states, in pertinent part:

3. The date "10/17/02" reflected in this portion of the second amended proof of claim is obviously in error, and presumably should read "10/17/92."

## Unsecured Priority Claims

| Tax type: | Tax period: | Assessed: | Tax due: | Interest: | Total: |
|---|---|---|---|---|---|
| Civ. Penalty | 12/31/87 | 9/13/93 | $153,544.37 | $64,412.42 | |
| Income | 12/31/92 | 8/29/94 | $ 9,158 | $ 4,395.18 | |
| Income | 12/31/93 | 3/03/97 | $ 368 | $ 2,399.39 | |
| Income | 12/31/94 | unassessed [4] | $ — [5] | $ 1,509.50 | |
| | | | | | $235,786.86 |

## Unsecured General Claims

| Tax type: | Tax period: | Assessed: | Tax due: | Interest: | Total: |
|---|---|---|---|---|---|
| Income | 12/31/91 | 8/22/94 | $2,289 | $7,878.88 | |

Penalty on unsecured *priority* claims (including interest) . . . . . . . . . $8,539.41
Penalty on unsecured *general* claims (including interest) . . . . . . . . $5,359.06

$ 24,066.35

Claim Total     $270,212.01

The Debtor filed the instant objection to the IRS proof of claim on March 23, 1998. As originally filed, the objection states that the Debtor "disputes the secured status of the majority of the [IRS] debt and the priority status of remainder as listed on said Proof of Claim." At the hearing, however, the Debtor admitted the validity of both the secured portion of the IRS's amended claim, and the assessment of civil liability under I.R.C. § 6672 as determined in the prior case. In his post hearing memorandum, the Debtor disputed the amount of the unsecured portion of the IRS claim, contending that it failed to reflect payments which the Debtor had made since the claim was originally filed. Such payments, the Debtor contended, were in the amount of his assessed income tax liability for 1993 ($368), and his estimated income tax liability for 1994 ($7,500). In the memorandum, the Debtor also reiterated his objection to the characterization of any part of the IRS debt as a Code § 507(a)(8) priori-ty. More particularly, the Debtor contends that the assessed income tax liability for 1992 does not qualify for priority treatment because it fails to meet the statutory requirements for such treatment. In this regard, the Debtor contends that: a) such tax was originally due more than three years prior to the filing date of the petition; b) the tax was not assessed within 240 days of the filing of the petition; and c) the tax was assessed prior to the filing date of the petition. *See* Code § 507(a)(8)(i), (ii) and (iii), respectively. The Debtor also argues that the civil penalty assessed against him as a "responsible person" under I.R.C. § 6672 for failing to remit trust fund taxes to the government, does not qualify for priority treatment because such penalties are not integral to the tax debt itself and cannot, therefore, be considered in "compensation for actual pecuniary loss" as required by Code § 507(a)(8)(C) and (G). The Debtor does not object to any portion of

4. The second amended proof of claim contains a footnote appended to this entry which states: "Unassessed liability due to returns being filed but not yet assessed."

5. The Court notes that in both the original and first amended proofs of claim, the amount claimed due for estimated 1994 income taxes was $7,500. No claim for interest on the estimated 1994 taxes was made in either of the previous filings. The difference between the first and second amended claims, $5,990.50, appears to reflect a credit against the Debtor's outstanding tax liability in the amount of estimated 1994 income taxes—confirming the contention made by the Debtor in his post hearing memorandum that he paid $7,500 to the IRS on account of this estimated tax liability—and the addition to the IRS claim of interest pertaining to such liability in the amount of $1,509.50.

(a) *General rule.*—Any person *required* to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable.

the IRS's unsecured nonpriority claim for 1991 income taxes, interest and penalties.

The IRS counters by arguing that its claim for 1992 income taxes is timely for purposes of treatment as a Code § 507(a)(8) priority because the Debtor's tax return for that year should be deemed as not having been due until within three years of the filing date of the petition in this case as required by the statute. This, the IRS contends, is due to the Debtor having received an extension of time to file his 1992 income tax return, and because the time period applicable to Code § 507(a)(8)(A)(i) was tolled during the pendency of the Debtor's prior bankruptcy case. The IRS also contends that income tax claims for subsequent tax years are entitled to priority as well, due to the tolling of the statutory lookback period during the pendency of the prior case. *See* IRS Memorandum, p. 4, n. 4. As to the priority status of the civil penalty claim under I.R.C. § 6672, the IRS contends that the Debtor's position is contrary to the prevailing weight of authority on the issue, which holds that such liability is entitled to priority treatment under Code § 507(a)(8).

## DISCUSSION

The issue to be decided here is whether the Debtor's income tax liability for calender years 1992 and 1993,[6] and a 100% civil penalty assessed against him as a "responsible person" under I.R.C. § 6672 are entitled to treatment in the instant bankruptcy case as priority claims under Code § 507(a)(8). For the reasons which follow, the Court answers this question in the affirmative.

Turning to the relevant statutory provision, the Court observes that Code § 507(a)(8) states, in pertinent part, as follows:

507.  Priorities

(a) The following expenses and claims have priority in the following order:

\* \* \*

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

\* \* \*

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity....

■ The Debtor's contention that the debt for 1992 income taxes falls outside of the three year lookback period provided by Code § 507(a)(8)(A)(i) ignores the plain language of the statute and fails to take into account the effect that an extension of the due date for the filing of his 1992 income tax return, and his prior bankruptcy case, had on the lookback period. First, the Court observes that included within the definition of tax claims entitled to priority under Code § 507(a)(8) are income taxes for which the deadline for filing a return, *"including exten-*

---

**6.** Although the Debtor asserted in his post hearing memorandum that he paid the 1993 assessed income tax liability of $368, the record in this proceeding is devoid of any proof that such payment was ever made. This notwithstanding, the Court observes that while no proof was offered to substantiate the Debtor's additional post hearing contention that he submitted a $7,500 payment to the IRS for estimated 1994 income taxes, the

IRS has apparently acknowledged receipt of such payment. In this regard, the Court notes that the second amended proof of claim reflects a $7,500 reduction in the amount claimed due for 1994 estimated income taxes. The amount by which this portion of the IRS's priority claim was reduced was less than $7,500, however, due, apparently, to the addition of prepetition interest to the claim. *See,* note 5, *supra.*

**746**

*sions*" falls within three years before the filing date of the petition. 11 U.S.C. § 507(a)(8)(A)(i). In the instant case, the deadline for filing a federal income tax return for calender year 1992 was extended until October 15, 1993. *See* IRS Memorandum, Exhibit "1". While this date clearly lies outside of the three year lookback period provided by the statute, the running of such period was suspended during the pendency of the Debtor's prior bankruptcy case. *In re Taylor*, 81 F.3d 20 (3d Cir.1996); *In re Di-Camillo*, 186 B.R. 59 (Bankr.E.D.Pa.1995) (Raslavich, J.); *accord, Montoya v. United States (In re Montoya)*, 965 F.2d 554 (7th Cir.1992); *see also, West v. United States (In re West)*, 5 F.3d 423 (9th Cir.1993) (holding that the 240 day assessment period provided by Code § 507(a)(7)(A)(ii)—now Code § 507(a)(8)(A)(ii)—was tolled during the pendency of the debtor's prior Chapter 13 case), *certiorari denied*, 511 U.S. 1081, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994); *United States v. Richards (In re Richards)*, 994 F.2d 763 (10th Cir.1993) (same); Code § 108(c) [7] and I.R.C. § 6503(h).[8] The Court observes that nine months elapsed between the date the Debtor's 1992 tax return was last due (October 15, 1993) and the filing date of the petition commencing the prior case (July 15, 1994). In addition, roughly one year and eleven months elapsed between the dismissal of the prior case (November 20, 1995) and

the filing date of the Debtor's present Chapter 13 case (October 17, 1997). Taking both of these periods together, it is clear that less than three years elapsed between the date on which the Debtor's 1992 income tax return was last due and the filing date of the instant bankruptcy case. Thus, the Debtor's 1992 income tax return is deemed to *have been due within three years prior to the filing date of the instant bankruptcy case. The Debtor's 1993 income tax return is also deemed to have been due within this period because the date on which the return was last due, August 15, 1994,[9] was after the filing date of the petition in the prior case. Since the Debtor's 1992 and 1993 income tax returns are both properly deemed due within the three year period prior to the filing date of instant bankruptcy case, the debt for 1992 and 1993 federal income taxes is entitled to priority treatment under Code § 507(a)(8)(A).[10]

The civil liability assessed against the Debtor under I.R.C. § 6672 is also entitled to priority treatment in this case. Included within the category of claims entitled to priority treatment under Code § 507(a)(8) are claims for taxes which are "required to be collected or withheld and for which the debtor is liable in whatever capacity." Code § 507(a)(8)(C). It is well established that trust fund taxes fall within the ambit of Code § 507(a)(8)(C) and are therefore entitled to

---

7. Code § 108(c) states:

   Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

   (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

   (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

8. I.R.C. § 6503(h) states:

   Cases under title 11 of the United States Code.—The running of the period of limitations

provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—

   (1) for assessment, 60 days thereafter, and

   (2) for collection, 6 months thereafter.

9. Due to an extension being granted, the Debtor's 1993 income tax return was last due on August 15, 1994. *See* IRS Memorandum, Exhibit "1".

10. Since subparts (i), (ii) and (iii) of Code § 507(a)(8)(A) are stated in the disjunctive, the Court's ruling with respect to subpart (i) is dispositive of the issue presently before the Court. Accordingly, it is not necessary for the Court to further consider the Debtor's alternative arguments implicating either subparts' (ii) or (iii). Even if this were not the case, it appears that neither of these provisions are implicated in the matter *sub judice*.

priority treatment. Despite the Debtor's argument to the contrary, it is also well established that civil penalties assessed in relation to unpaid trust fund taxes, such as those assessed against the Debtor under I.R.C. § 6672, are nondischargeable in bankruptcy, and are to be accorded the same priority as the underlying taxes themselves. *See Matter of Taylor*, 132 F.3d 256, 261 (5th Cir.1998); *In re Mosbrucker*, 220 B.R. 656, 658 (Bankr. D.N.D.1998); *In re Felland*, 153 B.R. 835, 839 (Bankr.W.D.Wis.1993); *In re LMS Holding Co.*, 149 B.R. 684 (Bankr.N.D.Okla.1993); *In re Hughes*, 137 B.R. 614, 615 (Bankr. E.D.Va.1992); *see also, United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978) (holding that "responsible person" liability under I.R.C. § 6672, although labeled a penalty, was actually a tax liability that could not be discharged in bankruptcy) (*Sotelo*, a Bankruptcy Act case, was effectively codified into present law under Code § 507(a)(7), now Code § 507(a)(8)).

Any doubt that civil penalties assessed against a "responsible person" under I.R.C. § 6672 were intended by Congress to receive priority treatment in bankruptcy is resolved by reflection on the legislative history to Code § 507(a)(8) which states, in pertinent part:

> [Eighth] priority. The House amendment modifies the provisions of both the House bill and Senate amendment in the case of [eighth] priority taxes. Under the amendment, the following Federal ... taxes are included within the [eighth] priority:
>
> * * *
>
> Fifth. Taxes which the debtor was required by law to withhold or collect from others and for which he is liable in any capacity, regardless of the age of the tax claims. This category covers the so-called "trust fund" taxes, that is, income taxes which an employer is required to withhold from the pay of his employees, and the employees' share of social security taxes.

> In addition, *this category includes the liability of a responsible officer under the Internal Revenue Code (§ 6672)* for income taxes or for the employees' share of social security taxes which that officer was responsible for withholding from the wages of employees and paying to the Treasury, although he was not himself the employer. *This priority will operate when a person found to be a responsible officer has himself filed in title 11,* and the priority will cover the debtor's responsible officer liability regardless of the age of the tax year to which the tax relates. The U.S. Supreme Court has interpreted present law to require the same result as will be reached under this rule. *U.S. v. Sotelo,* 436 U.S. [268, 98 S.Ct. 1795, 56 L.Ed.2d 275] (1978).

124 Cong.Rec. H11,112 (daily ed. Sept. 8, 1978); 124 Cong.Rec. S17,428 (daily ed. Oct. 6, 1978) (emphasis added) (quoted in 4 L. King, Collier on Bankruptcy ¶ 523.07[2], at 523–23 to 523–26 (15th ed. rev.1998)).

Relying on Code § 507(a)(8)(G),[11] the Debtor contends that I.R.C. § 6672 liability is not entitled to priority treatment because it is penal in nature and not "in compensation for actual pecuniary loss." This argument, however, misconstrues the actual nature of liability assessed under § 6672 and ignores the settled weight of authority to the contrary. Although delineated by Congress as a "penalty", I.R.C. § 6672 liability is derivative of an employer's obligation to pay over to the federal government trust fund taxes that have been withheld from employees' wages. Commenting on such liability, the Third Circuit Court of Appeals has stated:

> As the Supreme Court has recognized, the trust fund taxes that employers are required to collect from their employees' wages and pay over to the government "can be a tempting source of ready cash to a failing corporation beleaguered by creditors." *Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 56 L.Ed.2d 251

---

**11.** Code § 507(a)(8)(G) states, in pertinent part:
(a) The following expenses and claims have priority in the following order:
(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

(1978). The loss to the U.S. Treasury when a corporate employer fails to pay over its trust fund taxes can be substantial because the employees are credited with the amounts withheld even if the taxes were not paid over to the government. *See* 26 U.S.C. § 31(a) (1988).

Because of this concern, *see United States v. Sotelo,* 436 U.S. 268, 277 n. 10, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), Congress, through section 6672 of the Internal Revenue Code, enacted the stringent measure of imposing personal liability on those individuals whose control over the financial affairs of a business entity requires them to collect and pay over taxes withheld from the employees. *See Slodov,* 436 U.S. at 244–45, 98 S.Ct. 1778; *Quattrone Accountants, Inc. v. IRS,* 895 F.2d 921, 927 (3d Cir.1990). The provision making a responsible person liable for an amount equal to the trust fund taxes that were not paid over to the government establishes an alternative source of collection for the government to make the public fisc whole. *Slodov,* 436 U.S. at 243–45, 98 S.Ct. 1778. To ensure further that the government will, in fact, be paid, liability under section 6672 is not dischargeable in bankruptcy. *See* 11 U.S.C. §§ 523(a)(1)(A), 507(a)(7)(C) (1988).

*Although denominated a "penalty" in the statute, the liability imposed under section 6672 is not penal in nature, but rather is a means of ensuring that withholding taxes are paid. Sotelo,* 436 U.S. at

275, 98 S.Ct. at 1800; *In re Ribs–R–Us,* 828 F.2d 199, 200–01 (3d Cir.1987).

*U.S. v. Pepperman,* 976 F.2d 123, 126–27 (3rd Cir.1992) (parallel citations omitted) (emphasis added).

 Since the overriding purpose of holding a "responsible person" liable to the federal government for unremitted trust fund taxes, and making such liability nondischargeable in bankruptcy, is to ensure an alternative source for payment of such taxes, it is clear that liability arising under I.R.C. § 6672 is "in compensation for actual pecuniary loss" and is therefore entitled to priority treatment under Code § 507(a)(8)(C) and (G). The cases cited by the Debtor—*In re Mark Anthony Construction, Inc.,* 886 F.2d 1101 (9th Cir.1989); *In re Bates,* 974 F.2d 1234 (10th Cir.1992); *In re Bossert,* 201 B.R. 553 (Bankr.E.D.Wash.1996)—do not hold to the contrary.[12]

For all of the foregoing reasons, the Debtor's objection to the proof of claim filed by the IRS, as amended, is denied. Accordingly, the IRS's second amended claim is deemed allowed as filed. An Order consistent with the terms of this Opinion shall be entered concurrently herewith.

---

**12.** The primary issue before the court in *Mark Anthony Construction* concerned the priority of interest accruing on postpetition taxes. The proposition for which the Debtor cites the case, to wit, that "[t]ax penalties such as those at issue here are not normally considered integral to the tax debt itself," Debtor's Memorandum, p. 3, is not supported by a reading of that case. Contrary to the Debtor's assertion, civil penalties arising under I.R.C. § 6672—those at issue in the instant case—are not even mentioned in the *Mark Anthony Construction* case. In similar fashion, while both *Bates* and *Bossert* state that as a general rule penalties and interest thereon are not in compensation of pecuniary loss, and are not, therefore, entitled to priority treatment in bankruptcy, neither case, however, concerned the type of civil penalties that are in issue here. *Bates* went on to hold that the trust fund portion

of an employment tax claim constituted a priority claim to the extent the claim was not secured under Code § 506(a). The penalties assessed against the debtor in *Bossert, e.g.,* failure to deposit, failure to file, and failure to pay, bore no relation to the actual financial loss experienced by the federal government, but rather were designed to punish the debtor for various infractions of the tax code. 201 B.R. at 560. In contrast, the 100% civil penalty assessed against the Debtor in this case directly corresponds to the amount of the withholding taxes that were collected from employees' wages, but which were not turned over to the government. The assessment of civil liability in this case stood in the stead of the unremitted trust fund taxes, and is therefore, clearly distinguishable from the penalties assessed against the debtor and *Bossert.*