**In re PREFERRED DOOR COMPANY, INC., Debtor.**

**SMALL BUSINESS ADMINISTRATION and Internal Revenue Service, Appellees,**

v.

**PREFERRED DOOR COMPANY, INC., Appellant.**

No. 92–2024.

United States Court of Appeals, Tenth Circuit.

April 2, 1993.

Rehearing Denied April 28, 1993.

---

William A. L'Esperance, Albuquerque, NM, for appellant.

Annette M. Wietecha, Dept. of Justice (James A. Bruton, Acting Asst. Atty. Gen., Gary D. Gray and Alice L. Ronk, Dept. of Justice, Don V. Svet, U.S. Atty., Ron Andazola, Special Asst. U.S. Atty., Albuquerque, NM, with her on the briefs), Washington, DC, for appellees.

Before McKAY, Chief Circuit Judge, SETH, Senior Circuit Judge, and MOORE, Circuit Judge.

JOHN P. MOORE, Circuit Judge.

Preferred Door Company, Inc., appeals the decision of the District Court of the District of New Mexico affirming the bankruptcy court's dismissal of its Chapter 11 proceeding. The bankruptcy court dismissed the case because Preferred Door was unable to effectuate a plan and, specifically, to pay postpetition interest and tax penalties on the date of confirmation. On appeal, Preferred Door argues the bankruptcy court erred in refusing to reclassify the claims for postpetition interest and tax penalties as general unsecured claims. We affirm.

## I.

The parties do not dispute the relevant facts of this case. Preferred Door filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in August 1988. During the reorganization, Preferred Door incurred employment tax liabilities. The Internal Revenue Service (IRS) asserted a claim for the postpetition taxes, interest, and penalties by filing a request for payment of administrative expenses. Preferred Door did not object to the request for payment.

Preferred Door submitted its first disclosure statement and Chapter 11 plan of reorganization in February 1989. Based on the objections of the United States Trustee (Trustee) and the IRS, the bankruptcy court refused to approve the disclosure statement. In September 1989, Preferred Door filed an amended plan and disclosure statement. In response to this plan, the Small Business Administration (SBA), noting a continuing loss to the estate and Preferred Door's inability to effectuate a plan, moved to dismiss the case. After a hearing, the bankruptcy court took the SBA's motion under advisement and allowed Preferred Door to submit a second amended disclosure statement and plan.

In November 1989, Preferred Door filed a second amended plan of reorganization. Preferred Door proposed to fund the plan with monthly payments of $1,800 during the first year. The plan did not provide for

full payment of postpetition taxes, interest, and penalties on the confirmation date. Instead, Preferred Door requested either the IRS waive the penalties and interest on the postpetition taxes or the bankruptcy court reclassify the penalties and interest as unsecured claims. The IRS and the SBA objected to the plan due to its failure to allocate funds to pay postpetition taxes, interest, and penalties. Moreover, because Preferred Door had realized net income of only $3,448 over the preceding fifteen-month period, the Trustee, IRS, and SBA argued it was not feasible for Preferred Door to pay $1,800 per month to fund the plan.

The bankruptcy court, after a hearing on confirmation of the plan, concluded Preferred Door was not in a position to pay the postpetition taxes, interest, and penalties. Therefore, the court found the plan was not feasible. The bankruptcy court ordered Preferred Door to convert the case to a Chapter 7 proceeding by March 26, 1990, or face dismissal of the case. Preferred Door chose not to convert, and the court dismissed the case.

On appeal, the district court determined the record supported the bankruptcy court's finding Preferred Door's plan was not feasible. Preferred Door's argument the IRS should waive the postpetition interest and tax penalties, the district court concluded, ignores the language of 11 U.S.C. § 507 which treats these debts as administrative expenses entitled to first priority. The district court also held the bankruptcy court did not abuse its discretion in refusing to treat the postpetition interest and tax penalties as unsecured debt.

1. 11 U.S.C. § 1112(b) provides:
   Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

## II.

◼ Like the district court, we "must accept the factual findings of the bankruptcy court unless they are clearly erroneous." *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399 (10th Cir.1986) (citing *In re Reid*, 757 F.2d 230, 233 (10th Cir.1985)). We review the bankruptcy court's conclusions of law *de novo*, however. *Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir.1989) (citing *In re Branding Iron Motel*, 798 F.2d at 399–400).

Under section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), a bankruptcy court has broad discretion to convert a Chapter 11 case to a Chapter 7 proceeding or to dismiss a case for several causes, including the debtor's inability to effectuate a plan.[1] *See Hall*, 887 F.2d at 1044. Inability to effectuate a plan arises when the debtor lacks the capacity "to formulate a plan or to carry one out." *Id.*

> Dismissal under § 1112(b)(2) is appropriate where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so whether the reason for the debtor's inability to file is its poor financial condition, the structure of the claims against it, or some other reason.

*Id.*

◼ Here, the bankruptcy court found the second amended plan unacceptable because of Preferred Door's inability to pay postpetition tax liability. Several Bankruptcy Code sections prescribe a Chapter 11 plan's treatment of postpetition taxes, interest, and penalties. Sections 503(b)(1)(B) and (C) of the Code state any taxes incurred by the estate, except prepetition taxes specified in section 507(a)(7), and any penalties related to the taxes are administrative expenses.[2] *See In re Flo–Liz-*

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
(2) inability to effectuate a plan; ...

2. 11 U.S.C. § 503 states:
   (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
   (1) ...

*er, Inc.,* 916 F.2d 363, 365 (6th Cir.1990). Several courts have concluded interest on postpetition taxes also should be treated as an administrative expense under section 503(b). *See, e.g., In re Flo–Lizer, Inc.,* 916 F.2d at 366–67; *In re Mark Anthony Constr., Inc.,* 886 F.2d 1101, 1101–02 (9th Cir.1989). Under section 507(a)(1), administrative expenses in section 503(b) are afforded first priority. Finally, section 1129(a)(9)(A) dictates a court shall confirm a Chapter 11 reorganization plan only if the plan provides holders of first priority claims specified in section 507(a)(1) will receive "cash equal to the allowed amount of such claim" on the effective date of the plan. 11 U.S.C. § 1129(a)(9)(A).

■ Preferred Door contends the bankruptcy court erred by concluding it could not reclassify the postpetition interest and tax penalties as general unsecured debts. Relying on *United States v. Energy Resources Co.,* 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), Preferred Door asserts a bankruptcy court has the authority to order the IRS to treat postpetition interest and penalties as unsecured claims. If the bankruptcy court had reclassified the postpetition interest and penalties or the IRS had waived these claims, Preferred Door alleges, its plan would have been feasible.

Preferred Door's reliance on *Energy Resources* is misplaced. The corporations involved in Chapter 11 proceedings in *Energy Resources* proposed to pay all taxes. However, they sought to pay the trust fund portion of their tax debts prior to paying the non-trust fund portion.[3] The bankruptcy courts confirmed the corporations' plans. On appeal to the Supreme Court, the government argued the bankruptcy courts transgressed the limitations on their equitable powers by confirming

plans designating tax payments as trust fund or non-trust fund. The Court held a "bankruptcy court has the authority to order the Internal Revenue Service ... to treat tax payments made by Chapter 11 debtor corporations as trust fund payments where the bankruptcy court determines that this designation is necessary for the success of a reorganization plan." *Energy Resources,* 495 U.S. at 546, 110 S.Ct. at 2140. "The Court specifically noted the designation would not compromise the government's right to be assured of full payment of its tax claim." *In re Bates,* 974 F.2d 1234, 1236 (10th Cir.1992) (citing *Energy Resources,* 495 U.S. at 549–51, 110 S.Ct. at 2142–43).

Unlike the debtors in *Energy Resources,* Preferred Door does not seek to direct the application of payments among categories of debt. Preferred Door wishes to reclassify certain tax liability from priority to unsecured. Thus, the *Energy Resources* holding, allowing bankruptcy courts to designate the application of payments, is inapposite. *See In re Bates,* 974 F.2d at 1235–36 (*Energy Resources* does not apply to the debtors' attempt "to change the classification of debts from one category, where full payment is required, to another category where less than full payment is required.").

■ Putting aside *Energy Resources,* Preferred Door lacks support for its assertion the bankruptcy court has the authority to reclassify claims. Although bankruptcy courts possess broad equitable powers, these powers "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988). The bankruptcy courts' equitable authority does not extend to altering the Code's comprehensive

---

(B) any tax—
(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title ...; and
(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph; ...

**3.** "Trust fund taxes are those monies Debtors withheld from the employees' wages to pay the

employees' income taxes and the employees' share of the social security tax.... Non-trust fund taxes represent Debtors' (as employers) share of the social security tax and federal unemployment taxes, including interest and penalties." *In re Bates,* 974 F.2d 1234, 1234–35 n. 1 (10th Cir.1992); *see United States v. Energy Resources Co.,* 495 U.S. 545, 546–47, 110 S.Ct. 2139, 2140–41, 109 L.Ed.2d 580 (1990).

scheme of priorities. *See Nathanson v. National Labor Relations Bd.*, 344 U.S. 25, 28–29, 73 S.Ct. 80, 82–83, 97 L.Ed. 23 (1952); 3 *Collier on Bankruptcy* ¶ 507.-02[2] (Lawrence P. King ed., 15th ed. 1993) ("Section 507 is intended to be the exclusive list of priorities in bankruptcy. Priorities are to be fixed by Congress."). When the Bankruptcy Code places a claim in a specific position with respect to priority, the bankruptcy courts are "without equitable power to place it in any other position." *Luther v. United States*, 225 F.2d 495, 499 (10th Cir.1954). Therefore, contrary to Preferred Door's assertions, the bankruptcy court did not hold the power to reclassify the postpetition interest and tax penalties as general unsecured debts.

Because Preferred Door's other arguments are equally without merit, we will not consider them. The judgment of the district court is **AFFIRMED.**