56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re James Albert COONES and Cindy Lee Coones, f/k/a Cindy
Lee Jones, Debtors,
James Albert COONES, Appellant,
v.
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellee.
In re James Albert COONES and Cindy Lee Coones, f/k/a Cindy
Lee Jones, Debtors,
James Albert COONES, Appellant.
v.
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK; Federal Deposit
Insurance Corporation, Appellees.
 Nos. 94-8034, 94-8035.
 United States Court of Appeals, Tenth Circuit.
 May 24, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 McKAY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.
 
 
 2
 James Albert Coones appeals[2] the district court's affirmance of four bankruptcy court orders that denied his motion to convert his Chapter 11 bankruptcy to a Chapter 12, dismissed his Chapter 11 case, and granted motions of the two largest creditors to lift the automatic stay. We review the bankruptcy court's factual findings for clear error. Small Business Admin. v. Preferred Door Co. (In re Preferred Door Co.), 990 F.2d 547, 549 (10th Cir.1993). "We review the bankruptcy court's conclusions of law de novo." Id. We affirm.
 
 
 3
 Mr. Coones argues on appeal that (1) he should be allowed the opportunity on remand to show that he can satisfy the "new value" exception to the absolute priority rule; (2) the district court should have reviewed the dismissal of his Chapter 11 case de novo; (3) the bankruptcy court failed to place the burden on the moving creditors to show cause for dismissal under 11 U.S.C. 1112(b); (4) the bankruptcy court improperly considered disputed debts in determining that Mr. Coones' debts were too high to qualify for relief under Chapter 12; (5) the bankruptcy court erred in denying Mr. Coones' motion for reimbursement of expenses; and (6) the bankruptcy court erred in lifting the automatic stay. Appellees, Mr. Coones' two largest creditors, contend these appeals are moot because Mr. Coones failed to obtain a stay of the bankruptcy court's orders pending appeal and his farmland and farm equipment have been foreclosed upon.
 
 I. BACKGROUND
 
 4
 James Albert Coones and his former wife, Cindy Lee Coones, owned and operated a farm and ranch in Campbell County, Wyoming. Mutual Life Insurance Company of New York (MONY) held the first mortgage on their real property in Campbell County. In September 1988, a state court entered summary judgment for MONY in a foreclosure proceeding against the Coones. In October 1988, the Coones filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.
 
 
 5
 In January 1989, MONY moved for relief from the automatic stay. Appellant's App. at 153-55. In July 1989, the bankruptcy court granted MONY relief from the automatic stay because the Coones had no equity in the real property and they had not demonstrated a reasonable possibility of successful reorganization. In re Coones, No. 88-05343-B (Bankr.D. Wyo. July 19, 1989). The bankruptcy court noted that although the bankruptcy had been pending for more than six months, the Coones had not filed a plan for reorganization. Id., slip. op. at 3. The Coones appealed the order granting relief from the stay. The bankruptcy court granted the Coones' request for a stay of the order pending appeal. Appellant's Supp.App. at 38.
 
 
 6
 The Coones filed a proposed plan of reorganization on August 15, 1989, and a second plan on November 7, 1989. In January 1990, the bankruptcy court denied confirmation of the second proposed plan and allowed twenty days to file an amended plan or to convert to a Chapter 12. In re Coones, No. 88-05343-B (Bankr.D. Wyo. Jan. 4, 1990), Appellant's App. at 45. The Coones then filed a motion to convert to Chapter 12 or, alternatively, for an extension of time to file an amended plan. The bankruptcy court denied both requests. In re Coones, No. 88-05343-B (Bankr.D. Wyo. Feb. 8, 1990), id. at 43-44. The court found that the debts were too high for the Coones to obtain relief under Chapter 12 and the Coones had not shown good cause for additional time to file an amended reorganization plan. Id.
 
 
 7
 At some point thereafter, MONY filed a motion to dismiss the Coones' bankruptcy case. Appellant's App. at 109-11. A second motion to dismiss was filed by another creditor, the Federal Deposit Insurance Corporation (FDIC), which, as receiver for two failed banks, held a security interest in the Coones' crops, equipment, livestock, and a parcel of real property in Sheridan, Wyoming. Appellee's Supp.App. at 11-13. FDIC also moved for relief from the automatic stay so that it could foreclose on its collateral. Appellant's App. at 101-05.
 
 
 8
 On March 23, 1990, the bankruptcy court granted FDIC's motion for relief from the stay. In re Coones, No. 88-05343-B (Bankr.D. Wyo. Mar. 23, 1990), id. at 37-39. Six days later, the bankruptcy court dismissed the Chapter 11 case, based on the diminution of the estate, a lack of reasonable likelihood of reorganization, and the Coones' inability to propose or effectuate an acceptable reorganization plan. In re Coones, No. 88-05343-B (Bankr.D. Wyo. Mar. 29, 1990), id. at 35-36. The bankruptcy court allowed ten days to convert to Chapter 7. Id.
 
 
 9
 The Coones, at that point, had divorced. Cindy Coones moved to sever her case and convert to Chapter 7. She received a discharge under Chapter 7, which is not at issue in this appeal. James Coones did not convert his case to Chapter 7. He appealed the dismissal of his Chapter 11 case, the denial of his motion to convert to Chapter 12, and the grant of FDIC's motion to lift the automatic stay.
 
 
 10
 On April 23, 1990, the bankruptcy court stayed its orders dismissing the Chapter 11 case and granting FDIC's motion to lift the automatic stay, pending appeal of those orders. Appellant's Supp.App. at 39. The bankruptcy court's stay order specifically provided that "all proceedings or actions to foreclose or repossess the property of James A. Coones by MONY or FDIC are Stayed during the pendency of the Appeal of these Orders." Id. Creditors FDIC and MONY moved for reconsideration of the stay. On reconsideration, the bankruptcy court ordered Mr. Coones to post a supersedeas bond in the amount of $152,000.00 to continue the stay. Appellee's Supp.App. at 31-33. Mr. Coones then asked the bankruptcy court to reconsider the bond requirement. The bankruptcy court refused to modify its order conditioning the stay pending appeal on the posting of a bond. Id. at 34.
 
 
 11
 Mr. Coones never posted the bond. He appealed the bond requirement to the district court. The district court refused to vacate or modify the order requiring the bond. Appellant's Supp.App. at 21-26. Mr. Coones filed additional stay motions in district court. See Appellant's Reply Br. at 3. Although the record does not contain the district court's ruling on those motions, it is clear that Mr. Coones was unable to prevent foreclosure by MONY and FDIC. By December 1991, all property securing debts owed to MONY and FDIC had been sold. See id. at 3, 7 (describing foreclosure and replevin sales).
 
 II. ANALYSIS
 
 12
 FDIC and MONY contend these appeals are moot because the farmland and equipment were sold after Mr. Coones failed to post the bond to continue the bankruptcy court's stay. An appeal should be dismissed as moot when an appellate court cannot fashion effective relief due to events that occurred when the appeal was pending. Osborn v. Durant Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1203 (10th Cir.1994). "The classic example of mootness in the bankruptcy context is a case in which the debtor has failed to seek a stay of foreclosure and the debtor's property has been sold." Baker & Drake, Inc. v. Public Serv. Comm'n (In re Baker & Drake, Inc.), 35 F.3d 1348, 1351 (9th Cir.1994). The sale of debtor's property can preclude meaningful relief. See id.; see also In re Osborn, 24 F.3d at 1204 n. 9 ("[I]n some situations failure to obtain a stay pending appeal will render the case moot because the action taken in reliance on the lower court's decree is of a character that can not be reversed.").
 
 
 13
 Mr. Coones argues he could obtain meaningful relief in this case because FDIC could be ordered to surrender the proceeds it received from the sale of the collateral and MONY, which, according to Mr. Coones, still holds the farmland, could be ordered to reconvey it. FDIC disputes that it could surrender any proceeds of the collateral because the proceeds became the property of the receivership estates of the two failed banks. FDIC also states that MONY actually sold the farmland to a third party. Further, FDIC claims that this court could not restore the parties to the position they held before the sale of the collateral because the sale spawned substantial litigation between the parties in state court which could not be undone.
 
 
 14
 We cannot determine from the record on appeal whether effective relief could be fashioned. It is evident from the bankruptcy and district court docket sheets that we have not been provided with all rulings and motions relevant to the stay issue. Thus, we cannot fully evaluate the efforts to which Mr. Coones went to stay the foreclosure sales. Neither can we determine whether the creditors could reconvey property or surrender proceeds from the sale of collateral. Finally, it is not clear from the record how any remedy would affect the ongoing state court litigation.
 
 
 15
 A remand to resolve the mootness issue is not warranted, however, because these appeals lack merit. In two thorough and well-reasoned opinions, the district court affirmed the bankruptcy court's rulings denying relief under Chapter 12, dismissing the Chapter 11 case for cause under 1112(b), and granting motions by FDIC and MONY to lift the automatic stay. Coones v. Mutual Life Ins. Co., No. 90-CV-204-J (D. Wyo. Mar. 10, 1994); Coones v. Mutual Life Ins. Co. (In re Coones), No. 89-CV-0314-J (D. Wyo. Mar. 2, 1994). We do not decide whether to adopt the "new value" exception to the absolute priority rule because even if the exception exists, Mr. Coones offered inadequate proof of new value, as the district court ultimately concluded. For substantially the reasons stated by the district court in its orders dated March 2 and March 10, 1994, we hold that all four bankruptcy court orders were properly affirmed by the district court.
 
 
 16
 We note the district court did not address the bankruptcy court's denial of the motion for expenses, which is relevant to Mr. Coones' fifth argument on appeal. Although Mr. Coones states he raised that argument to the district court, Appellant's Br. at 11 n. 3, he does not support that representation with citation to the record as required by 10th Cir. R. 28.2(c). After combing the record, we find no evidence that Mr. Coones appealed the bankruptcy court's denial of his motion for expenses to the district court. Mr. Coones, in fact, does not dispute FDIC's claim that he did not appeal that bankruptcy court ruling. Therefore, we will not review the bankruptcy court's denial of Mr. Coones' motion for expenses. Cf. Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1282 (10th Cir.1988).
 
 
 17
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 These appeals have been consolidated