UNITED STATES COURT OF APPEALS
**Filed 11/24/95**
TENTH CIRCUIT

STEPHEN D. HAMILL, PAUL W. MERCER,

Plaintiffs - Appellants,

v.

CLIFFORD CONE, JAMES BURKE,

Defendants - Appellees,

and

DISTRIBUTORS, INC.,

Defendant.

No. 95-2103

D. New Mexico

(D.C. No. CIV 93-1030 JC/WWD)

## ORDER AND JUDGMENT[*]

Before **ANDERSON, BALDOCK**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Stephen Hamill and Paul Mercer appeal the district court's order affirming the bankruptcy court's decision which closed and dismissed their adversary proceeding against Clifford Cone, Distributors, Inc., and James E. Burke, Trustee. Hamill and Mercer contend that 1) the bankruptcy court had no jurisdiction to determine or sell any interest in U.S. Patent #DES 264,612, and 2) the bankruptcy court erred in finding that the adversary proceedings were rendered moot by the Trustee's sale of any estate interest in the patent. We affirm.

Hamill and Mercer have appeared pro se at each stage of these proceedings.[1] In their brief to us, these appellants represent that Distributors, Inc. was a guarantor of certain notes to Hamill, but that it had no ownership claim in Patent #DES 264,612, (the "patent") which was listed as an asset of the bankruptcy estate.[2] Appellants further represent that, in 1989, they filed a state court action to settle the ownership of the patent, but they do not disclose the present status of that suit. Apparently, Hamill and Mercer filed the instant adversary proceeding to establish that the patent was not part of the

---

[1]The appellees have not filed a responsive appellate brief, although the trustee did file an extensive brief with the district court. R. Vol. I, Tab 7.

[2]According to the Trustee's brief below, the debtor listed the patent as its only asset of value. R. Vol. I, Tab 7 at 6. Apparently, the appraised value was $5,000. Id., Tab 7, Ex. 1 at 7.

debtor's estate and to get the stay lifted so that they could proceed with their state court action. R. Vol. I, Tab 6 at 6. At least one previous appeal was taken to the district court.

While the adversary proceeding was pending, the Trustee sold, without warranty, whatever interest the estate had in the patent to Messrs. Moats and Cone for the sum of $4,000. Id., Tab 6 at 2-3; Tab 7, Ex. 1 at 7. Throughout, appellants have not been able to pursue their claims in state court because of the automatic bankruptcy stay. At the same time, they have been unable to pursue their claims in the bankruptcy court because the Trustee sold the contested interest in the patent before they were able to obtain an adjudication of their rights in the adversary proceeding.

In reviewing the bankruptcy court's decision, we apply the same standards as the district court. Yeates v. Yeates (In re Yeates), 807 F.2d 874 , 877 (10th Cir. 1986). Thus, we affirm the bankruptcy court's factual findings unless they are clearly erroneous, but we review its conclusions of law de novo. SBA v. Preferred Door Co. (In re Preferred Door Co.), 990 F.2d 547, 549 (10th Cir. 1993). While we liberally construe a party's pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we will not supply additional facts, nor will we construct a legal theory. Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although appellants raise their jurisdictional claim for the first time in their brief to us, a lack of subject matter jurisdiction is not subject to waiver. Lyons v. Jefferson

Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993); see also Fed. R. Civ. P. 12(h)(3). However, we reject the contention on the merits, as the appellants confuse issues regarding statutory preemption and notice with jurisdictional limitations, and the authority they cite is clearly contrary to their claimed defect. Thus, 35 U.S.C. § 261 provides that patents "shall have the attributes of personal property," and that any interest in a patent shall be assignable. Additionally, the case they cite as authority, In re Transp. Design Technology, 48 B.R. 635 (S.D. Cal. 1985), amply demonstrates that court's proper exercise of jurisdiction to adjudicate creditors' rights in a debtor's patent.[3]

As their second issue, appellants contend that the bankruptcy court erred in closing the adversary proceedings. We affirm for substantially the same reasons as set forth in the magistrate judge's recommended disposition which the district court adopted. R. Vol. I, Tab 9 at 2-3. Nonetheless, we address the particular concern which appellants expressed in the bankruptcy and district court, that the order closing the adversary proceedings did not expressly return jurisdiction to the state court. See R. Vol. I, Tab 6 at 6 and Tr. of hearing, Aug. 16, 1993.

_____

[3]We note that Appellants also pose the following issue: "Does a bona fide purchaser holding a duly recorded conveyance of ownership rights in a Patent defeat interests of other parties? See 35 U.S.C.A. § 261." However, they make no arguments regarding this point, and it is impossible to determine what particular claim they intend to make. Thus, we consider the point forfeited, except to the extent it appears to be subsumed in their jurisdictional argument. See Brownlee v. Lear Siegler Mgmt. Serv. Corp., 15 F.3d 976, 977 (10th Cir.) cert. denied, 114 S. Ct. 2743 (1994) (citations omitted).

As noted previously, the record is clear that there was no adjudication of rights in the patent in the bankruptcy court. Rather, the court specifically accepted that those rights were unsettled, and therefore the Trustee sold the patent without warranty, so that the purchasers succeeded only to whatever interest the debtor had. Although there is no written order in the record before us which expressly lifts the stay, both the district court and the bankruptcy court indicated in hearings that appellants would be free to pursue their claims in state court following the Trustee's sale. R. Vol. I, Tab 6 at 3-4; Tab 7, Ex. 1 at 4-5.

Accordingly, it appears to us that there should be no current impediment to appellants' continuing their state court action, since the bankruptcy stay cannot apply to an action determining rights in property which the Trustee no longer claims as part of the debtor's estate.[4]

AFFIRMED.

ENTERED FOR THE COURT

_____

[4]While they do not raise it as a separate issue, appellants also argue that the bankruptcy court abused its discretion in allowing objections to an initial sale in which they were the only bidders (for $1,000 less than the amount obtained at the renoticed sale to Cone). This argument was not among the issues raised below, and appellants have not presented us with any documentation to show that the issue was preserved in any previous appeal to the district court. Therefore we do not consider it. Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

- 5 -

Stephen H. Anderson
Circuit Judge