**In re: FRANMAR, INC.,**
EIN: 84–1393244.

No. 06–11194–SBB.

United States Bankruptcy Court,
D. Colorado.

July 13, 2006.

Lee M. Kutner, Aaron A. Garber, Kutner Miller, P.C., Denver, CO, Counsel for Franmar, Inc.

Leo M. Weiss, Denver, CO, Trial Attorney for the U.S. Trustee, Department of Justice.

## AMENDED MEMORANDUM OPINION AND ORDER DENYING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH 11 U.S.C. § 1116 AND FOR OTHER CAUSE UNDER 11 U.S.C. § 1112(b)(4)

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on:

(1) the United States Trustee's ("UST") Motion to Dismiss for Failure to Comply with 11 U.S.C. § 1116 and for Other Cause Under 11 U.S.C. § 1112(b)(4) filed April 12, 2006

(DOCKET #19) ("Motion to Dismiss") and

(2) Franmar, Inc.'s ("Debtor") Response to the United State Trustee's (A) Objection to Debtor's Motion to Extend Time to File Schedules, Statements of Financial Affairs, and Related Documents; and (B) Motion to Dismiss Case filed April 20, 2006 (Docket # 29) ("Response").

The Court, having reviewed the pleadings, the Court's file on this matter, and being advised in the matter, DENIES the UST's Motion to Dismiss.

## I. *Summary*

On October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")[1] went into effect making significant changes to the bankruptcy law. Among the significant changes in small business cases is the addition of 11 U.S.C. § 1116. Section 1116 imposes certain new and not insubstantial duties on a debtor-in-possession in small business cases. These duties include requiring the debtor to timely file designated business records and financial documents with the court, attend certain meetings, maintain insurance, and timely pay taxes.[2]

---

1. Pub.L. 109–8, 119 Stat. 23 (2005).

2. Specifically, 11 U.S.C. § 1116 provides:

 In a small business case, a trustee or the debtor in possession, in addition to the duties provided in this title and as otherwise required by law, shall—
 (1) append to the voluntary petition or, in an involuntary case, file not later than 7 days after the date of the order for relief—
 (A) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or
 (B) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed;

 (2) attend, through its senior management personnel and counsel, meetings scheduled by the court or the United States trustee, including initial debtor interviews, scheduling conferences, and meetings of creditors convened under section 341 unless the court, after notice and a hearing, waives that requirement upon a finding of extraordinary and compelling circumstances;
 (3) timely file all schedules and statements of financial affairs, unless the court, after notice and a hearing, grants an extension, which shall not extend such time period to a date later than 30 days after the date of the order for relief, absent extraordinary and compelling circumstances;
 (4) file all postpetition financial and other reports required by the Federal Rules of

Here, the Debtor is a "small business debtor" pursuant to 11 U.S.C. § 101(51D).[3] Consequently, this case is a "small business case," as defined by 11 U.S.C. § 101(51C).[4]

Central to the dispute here are the provisions which require small business debtors to "append" certain documents to their petitions at the time of filing, including debtor's most recent (1) balance sheet, (2) statement of operations, (3) cash-flow statement, and (4) Federal income tax return, or (5) debtor's statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed ("Small Business Documents").[5]

The crux of the UST's Motion to Dismiss is that a failure to "append" the Small Business Documents to the bankruptcy petition requires dismissal of a small business case. The UST, by its Motion to Dismiss, alleges two grounds for the dismissal of this case under 11 U.S.C. § 1112(b)(4): (1) the Debtor's "unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code or applicable rule]" under 11 U.S.C. § 1112(b)(4)(F); and (2) the Debtor's "failure timely to provide information or attend meetings requested by the United States trustee" under 11 U.S.C. § 1112(b)(4)(H).

## II. *Issues*

The Motion to Dismiss presents an issue of first impression under BAPCPA regarding the discretion, if any, the Court has to dismiss or not dismiss a case for a deficiency in compliance with the requirements of 11 U.S.C. § 1116(1). The Court must specifically consider: (a) whether a failure to "append" the Small Business Documents is an "unexcused failure" pursuant to 11 U.S.C. § 1112(b)(4)(F), and (b) whether or not the failure to "append" the

Bankruptcy Procedure or by local rule of the district court;

(5) subject to section 363(c)(2), maintain insurance customary and appropriate to the industry;

(6)(A) timely file tax returns and other required government filings; and

(B) subject to section 363(c)(2), timely pay all taxes entitled to administrative expense priority except those being contested by appropriate proceedings being diligently prosecuted; and

(7) allow the United States trustee, or a designated representative of the United States trustee, to inspect the debtor's business premises, books, and records at reasonable times, after reasonable prior written notice, unless notice is waived by the debtor.

3. 11 U.S.C. § 101(51D): The term "small business debtor"—

(A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning or operating real property or activities incidental thereto) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition or the date of the order for relief in an amount not more than $2,000,000 (excluding debts owed to 1 or more affiliates or insiders) for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor; and

(B) does not include any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $2,000,000 (excluding debt owed to 1 or more affiliates or insiders).

4. 11 U.S.C. § 101(51C): The term "small business case" means a case filed under chapter 11 of this title in which the debtor is a small business debtor.

5. 11 U.S.C. § 1116(1).

Small Business Documents and other facts in this case constitute a "failure timely to provide information or attend meetings requested by the United States trustee" pursuant to 11 U.S.C. § 1112(b)(4)(H). Finally, the court must consider if the UST establishes "cause" for dismissal, whether there are "unusual circumstances" present such that dismissal is not in the best interests of the creditors and thus dismissal is not proper under 11 U.S.C. § 1112(b)(1) and (2).

### III. *Background*

Debtor filed a voluntary Chapter 11 case on March 23, 2006 through its counsel Lee Kutner of the law firm of Kutner Miller, P.C. The Debtor is a "small business debtor," as defined by 11 U.S.C. § 101(51D), thereby making this case a "small business case," as defined by 11 U.S.C. § 101(51C). The Debtor also filed its creditor matrix, List of 20 Largest Unsecured Claims, and a corporate resolution on March 23, 2006. The Debtor did not file the other documents required in a small business case under 11 U.S.C. §§ 521 and 1116.

On March 23, 2006, the Court issued a Notice of Deficiency for Failure to File a Statement of Financial Affairs, Schedules, Small Business Balance Sheet and Small Business Statement of Operations, Small Business Cash Flow Statement, and Federal Income Tax Return. That notice stated that the Debtor had until April 7, 2006 to file the "deficient documents."

On March 24, 2006, Leo Weiss, a trial attorney with the Office of the United States Trustee, left a voice mail with Mr. Kutner in an attempt to schedule the Debtor's 11 U.S.C. § 341 meeting as well as to discuss the case. That voice mail was not returned because Mr. Kutner was apparently on vacation at the time.

On March 29, 2006, the UST formally notified the Court that the UST had set the first meeting of creditors pursuant to 11 U.S.C. § 341 for April 25, 2006, at 1:30 p.m. On March 29, 2006, the UST's Office, sent Mr. Kutner an e-mail in an attempt to schedule the initial debtor interview in the case. No response was received from Mr. Kutner.

On April 4, 2006, the UST's Office left a voice mail for Mr. Kutner in a second attempt to schedule the initial debtor interview. The call was returned on April 5, 2006 by Mr. Kutner. However, an initial debtor interview date was not scheduled. Mr. Kutner advised the UST's Office that the Debtor would likely seek an extension of time to file the Small Business Documents described in the Court's March 23, 2006 deficiency notice. The UST's Office indicated that this extension would be problematic for the scheduling of the initial debtor interview.

On April 5, 2006, Aaron Garber, Esq., an associate in the Kutner Miller firm, contacted the Office of the UST about the Debtor's case. In the course of that conversation an initial debtor interview was scheduled for April 18, 2006 in the UST's Denver office. Mr. Weiss informed Mr. Garber that the UST would oppose the Debtor's efforts to obtain an extension of time to file the Small Business Documents described in the Court's March 23, 2006 Notice of Deficiency claiming the proposed extension would be prejudicial to the scheduling and conducting of the initial debtor interview and the section 341 meeting.

Mr. Garber informed the UST staff in the April 5, 2006 teleconference and by a separate e-mail that the Debtor's accountant was busy due to tax season and that the debtor felt compelled to seek the extension. The Debtor asserts that it relies upon its accountant for handling all of its accounting needs, including maintenance and preparation of the section 1116(1) documents. The Debtor's accountant is locat-

ed in a small town in southern Colorado, maintains an office with few employees, and is one of the few accountants in the area. Debtor represents that he filed his bankruptcy case when he did to avert a judgment creditor from perfecting a judgment lien.

On Friday, April 7, 2006, the Debtor filed its motion to extend time for filing the Small Business Documents described in the Court's March 23, 2006 deficiency notice to April 21, 2006. That motion was filed after normal business hours, via the Court's Electronic Case Filing system. The motion was accompanied by a Notice Pursuant to L.B.R. 202 establishing a deadline to object to the motion of April 24, 2006, i.e., seventeen days following the filing of the motion and three days after the extended deadline that the Debtor was seeking.

On April 12, 2006, the UST filed four pleadings in the case which were, in part, responsive to the Debtor's April 7, 2006 extension motion. These pleadings consisted of: (1) the Motion to Dismiss which is before the Court; (2) a Notice Pursuant to L.B.R. 202; (3) an Objection to the April 7, 2006 extension motion; and (4) a Motion to Apply the Procedures Set Forth in G.P.O.2002–6 to the April 7, 2006 extension motion.

In these pleadings the UST objected to an extension of time beyond April 17, 2006,

i.e., the day before the previously scheduled initial debtor interview, and argued that the extension was prejudicial where the filing of documents on Friday, April 21, 2006 would prejudice the ability of the UST's office to conduct a meaningful initial debtor interview and a section 341 meeting two business days thereafter.[6] The UST's Motion to Dismiss alleged two grounds for the dismissal pursuant to 11 U.S.C. § 1112(b)(4)(F) and § 1112(b)(4)(H).

Significantly, on April 12, 2005, the Debtor filed an Amended Voluntary Petition with the Small Business Documents attached. Debtor filed an Initial Operating Report on April 14, 2006.[7]

On April 18, 2006, the UST conducted the initial debtor interview. On April 21, 2006 the Debtor filed its Statement of Financial Affairs and Schedules. On April 25, 2006 the UST conducted the section 341 meeting of creditors. The Debtor filed amended Schedules and Statement of Financial Affairs on May 8, 2006, and an Amended Initial Operating Report on May 9, 2006.

## IV. Overview of the UST's Motion to Dismiss

### A. Dismissal sought under 11 U.S.C. § 1112(b)(4)(F)

The UST requests dismissal of this Petition pursuant to 11 U.S.C. § 1112(b)(4)(F)

---

6. There is some dispute between the parties regarding whether or not the UST agreed to an extension of time for the Debtor to file the section 521 documents and/or the section 1116(1) Small Business Documents. At that hearing, no distinction was made between the extension being granted exclusively for the section 521 documents. In addition, both parties proposed findings of fact submitted after the hearing reference the April 17, 2006 without any distinction as to which types of documents were included. The date was mentioned in both parties' findings in relation to scheduling the initial debtor interview on April 18, 2006. Since no evidence was pre-

sented either way the Court has adopted the position of the UST in its Motion to Alter or Amend Memorandum Opinion and Order Denying the United States Trustees Motion to Dismiss for Failure to Comply with 11 U.S.C. § 1116(1) and for Other Cause under 11 U.S.C. § 1112(b)(4) filed June 19, 2006 (Docket # 85) that the extension of time was limited to section 521 documents, hence this amended order.

7. The Debtor e-mailed the UST an unsigned copy of Debtor's Initial Operating Report on April 12, 2005.

for an unexcused failure to append the Small Business Document to the Petition. Section 1116 delineates the "Duties of trustee or debtor in possession in small business cases." Section 1116(1) states that in a small business case, a debtor in possession shall:

(1) append to the voluntary petition or, in an involuntary case, file not later than 7 days after the date of the order for relief—

(A) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or

(B) a statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed

The UST contends the requirement to "append" the Small Business Documents at the time of filing the Petition makes those documents an integral part of the voluntary petition itself in a small business case. Since Debtor's March 23, 2006 petition did not include the Small Business Documents the UST contends the deficient filing cannot be cured by a later filing of the relevant documents.

The UST also argues there is a distinction between the documents listed in section 1116(1) and the "schedules and statements of financial affairs" filed pursuant to section 1116(3). Section 1116(3) specifically provides a method for obtaining an extension of time in the context of "schedules and statements of financial affairs." The UST contends omission of the Small Business Documents from the list of documents for which an extension of time might be sought must be construed as an intentional effort to exclude these Small Business Documents from the array of documents for which an extension of time is available. The UST cites to portions of the legislative

history to Section 1116, as well as the Committee Comments to Interim Bankruptcy Rules 1007 and 9006, to support his argument.

Debtor, by its Response, avers that no "cause" to dismiss exists, or has been demonstrated by the UST pursuant to 11 U.S.C. § 1112(b)(4)(F), to dismiss the instant case. Debtor argues it was justified in not filing the Small Business Documents with the original Petition because Debtor's accountant, who prepared the documents, was unable to do so at the time of filing the petition because it was during the height of the tax season. Debtor also argues it attempted to comply in good faith with the Court's Notice of Deficiency and by relying on the rules of filing a request for an extension of time.

## B. *Dismissal sought under 11 U.S.C. § 1112(b)(4)(H)*

The UST also alleges this Petition should be dismissed pursuant to 11 U.S.C. § 1112(b)(4)(H) because of Debtor's "failure timely to provide information . . . reasonably requested" by the UST. The UST contends that Debtor's counsel failed to timely respond to contacts from the UST regarding scheduling the initial debtor interview and the 11 U.S.C. § 1341 creditor's meeting. Debtor disputes the allegations that the delay in responding to the UST's contacts constitutes a failure to timely respond.

Based on the pleadings submitted, a voice mail message was left with Debtor's counsel on Friday March 24, 2006. UST e-mailed Debtor's counsel on Tuesday March 29, 2006 and a second voice mail was left on Tuesday April 4, 2006. An associate of Debtor's counsel finally contacted the UST on Wednesday April 5, 2006. Debtor's counsel indicates he was on vacation during this time period and no

request to speak with any of his associates was made by the UST.

## V. *Discussion*

### A. *11 U.S.C. § 1116(1)*

Congress enacted 11 U.S.C. § 1116 as part of BAPCPA. This section imposes a series of duties on a "small business debtor" that have no counterpart in the Bankruptcy Code of 1978, as amended prior to BAPCPA.[8] As of the date of this decision, the Court is not aware of any published case addressing section 1116.

Section 1116(1) creates a requirement that a debtor "append"[9] to the voluntary Petition certain documents, including debtor's most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return, *or* debtor's statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed.

■ In this instance, the Court finds the statute's language is plain and unambiguous.[10] Section 1116(1) requires Small Business Documents, or a statement that they have not been prepared, be appended to a small business petition. However, the statute does not provide either a remedy or a consequence for a debtor's failure to comply.[11]

■ The Court is persuaded that the general statutory scheme involved provides the necessary guidance. BAPCPA caused to be created new rules related to small business cases.[12] The general intent behind section 1116 was to "implement greater administrative oversight and controls" over small business cases.[13] Under BAPCPA, bankruptcy courts are still afforded some discretion over the progress of small business cases and the attendant filing requirements.[14]

The legislative history the UST cites in support of his position does not suggest an extension of time to append Small Business Documents is precluded. The legislative history is merely a recitation of the separate sections of section 1116 and there is no discussion of an extension of time

---

8. For examples of other new rules applicable to "small business debtors' as defined in BAPCPA", *see, e.g.,* 11 U.S.C. § 1121(e), 11 U.S.C. § 1125(f), and 11 U.S.C. § 1129(e).

9. The Bankruptcy Code does not define "append" and no published opinion appears to have construed this term. *Black's Law Dictionary* defines "append" as "to add or attach." *Black's Law Dictionary* at 99 (5th Ed.1979) (interestingly, "append" is not defined in some of the subsequent editions of this dictionary). Webster's Dictionary defines "append" as "attach," "affix," or "to add as a supplement or appendix (as in a book)." *Merriam–Webster Online Dictionary,* at *http://www.m-w.com/dictionary/append.*

10. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (when resolving the meaning of a statute the inquiry begins with the language of the statute itself), *see also,*

*Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) (when interpreting statutes the first step is to determine whether the language at issue has a plain and unambiguous meaning).

11. *Cf.* 11 U.S.C. § 109(h)(1) (providing for automatic dismissal of an individual debtor under Chapter 7 if they fail to file the requisite certificate of credit counseling).

12. *See* Footnote 3 and Footnote 7, *supra.*

13. *See* 7 *Collier on Bankruptcy* ¶ 1116.LH[2], at 1116–14.

14. *See e.g.,* 11 U.S.C. § 1116(3) (permitting the court to grant an extension of time of up to 30 days after the order for relief to file "schedules and statements in a small business case") and 11 U.S.C. § 1125(f) (providing discretion to determine that a separate disclosure statement is not necessary).

related to section 1116(1), one way or the other.[15]

The Committee Comment to Interim Bankruptcy Rule 1007-1 [16] and the Committee Comment on Interim Rule 9006 [17] are also unpersuasive here. Neither of these comments mention, or otherwise distinguish, the Small Business Documents and, therefore, the comments are of little value to the Court in determining the consequences, if any, of failing to append Small Business Documents with a petition.

In addition, section 1116(1) appears to contemplate a later filing of the Small Business Documents, or their equivalent, when it permits a petitioner to file a statement that no such documents have been prepared. Many small businesses do not prepare balance sheets, statements of operations, or cash-flow statements on a regular basis.[18] Given that the information in these documents is necessary to proceed with a small business case it only makes sense that they, or their equivalent, may be prepared at a later date. This is not inconsistent with the overall statutory scheme related to small business cases. If Congress had intended to mandate dismissal of small business cases for a failure to "append" Small Business Documents it could have indicated so in either the statute or in the legislative history, as it did, for example, in sections 109(h)(1) and 521(i)(1).[19]

A failure to append Small Business Documents does not *mandate* dismissal. However, it can be a reason to dismiss, as the UST recognizes in the instant motion, if it constitutes "cause" under section 1112, *see analysis, infra* at VI. B and C. Thus, analysis of dismissal under section 1112 is necessary.

### B. *"Cause" for Dismissal—11 U.S.C. § 1112(b)(4)(F)*

11 U.S.C. § 1112(b)(1) requires the Court to convert or dismiss a case if the "movant establishes cause." "Cause" is established pursuant to 11 U.S.C. § 1112(b)(4)(F) by the "**unexcused** failure to satisfy timely any filing or reporting requirement" (emphasis added). This section was part of the expanded lists of factors under BAPCPA that may establish "cause" for purposes of considering motions to dismiss or convert Chapter 11 cases.

The use of the word "unexcused" means the Court has leeway to find, under appropriate circumstances, that "cause" has not been established if the failure to satisfy timely any filing or reporting requirement is excused. By inference the Court, therefore, has the ability and some discretion to determine what is an "excused" or "unexcused" failure to "timely

---

15. *See* 7 *Collier on Bankruptcy* ¶ 1116.LH[2], at 1116–14.

16. 9 *Collier on Bankruptcy* 1007[9], at App. 1007–41 to 1007–43.

17. 10 *Collier on Bankruptcy* 9006[8], at App. 9006–37 to 9006–38.

18. *See, e.g., In re Stanley Hotel*, 13 B.R. 926, 930 (Bankr.D.Colo.1981) (holding, in the context of disclosure statements, "Congress expressly recognized businesses seeking the protection of Chapter 11 cannot always be expected to have available information pre-

pared with the same expertise and precision of a healthy and solvent enterprise").

19. *See* Footnote 10, *supra* and 11 U.S.C. § 521(i)(1) (requiring dismissal of a Chapter 7 or 11 case after 45 days if debtor fails to file all information required under subsection (a)(1)). *See also In re DP Partners Ltd. Partnership*, 106 F.3d 667, 673, n. 24 (5th Cir. 1997) (stating "if Congress intended to withhold reimbursement for administrative expenses under these circumstances, at least some indication of that intent would appear in the statute or its legislative history").

file" the designated documents. Moreover, if an extension of time is granted, as is permitted, then failing to timely file would be excused and "cause" would not be present for dismissal under 11 U.S.C. § 1112(b)(4)(F).

Debtor contends this delay was required because the business' accountant who was required to prepare the section 1116(1) documents was unable to devote the time necessary because it was the middle of the peak tax preparation season. Debtor's business and accountant are both located in rural southern Colorado and Debtor had no other possibility of obtaining separate assistance in the area. The Court is persuaded that this constitutes a good explanation and good cause for a delay in filing the section 1116(1) documents. It is an "excused" failure to timely file the designated Small Business Documents.

In addition, the UST agreed to an extension of time for Debtor to file the documents required pursuant to section 521 until April 17, 2006.[20] In this case, the Debtor filed a "Voluntary Amended Petition" on April 12, 2006 which included all of the documents required under section 1116(1). The UST was not prejudiced by this delay and administrative oversight and control was effectively maintained in this case.

The Court concludes that dismissal under section 1112(b)(4)(F) is not proper because it cannot find "cause," an "unexcused failure" to timely file the designated documents.[21]

### C. *"Cause" for Dismissal—11 U.S.C. § 1112(b)(4)(H)*

To dismiss a petition based on 11 U.S.C. § 1112(b)(4)(H), "cause" may be established by "failure timely to provide information ... reasonably requested" by the UST.[22] The Bankruptcy Code does not define a failure to timely provide information in any manner related to the allegations set forth in UST's motion (*e.g.*, what information is included and when must it be provided). As previously noted, the UST agreed to give Debtor until April 17, 2006 to provide the section 521 documents and the initial debtor interview and creditor's meeting went forward on the dates scheduled by the UST. On this basis alone the Court finds there was no failure to provide information "timely."

The Court concludes that dismissal under section 1112(b)(4)(H) is not proper be-

---

**20.** *See* Footnote 6, *supra.* The Court also notes that some of the documents required under section 521 are similar, if not synonymous, with some of the documents listed in section 1116(1). These include section 521(a)(1)(B)(i)'s "schedule of assets and liabilities" which is the same thing as a balance sheet and section 521(a)(1)(B)(iii)'s "schedule of current income and current expenditures" which is similar to a statement of operations.

**21.** At the May 10, 2006 hearing the concept of "excusable neglect" pursuant to Bankruptcy Rule 9006(b)(1) was raised. The U.S. Supreme Court has defined "excusable neglect" to mean "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 1495, 123

L.Ed.2d 74 (1993). Debtor's failure to append the section 1116(1) documents at the time of filing was deliberate and not "neglect". It was also, under the circumstances, unavoidable. Therefore, "neglect" is not at issue in this matter. *See, e.g., In re Banco Latino International,* 310 B.R. 780 (S.D.Fla. 2004) (holding that a deliberate decision to not file proofs of claim could not constitute "excusable neglect") and *In re SC Corp.,* 265 B.R. 660 (Bkrtcy.D.Conn.2001) (holding that a taxing authority's conscious decision not to file any claim was the antithesis of "neglect").

**22.** The parties and the Court interpret "failure timely to provide information or attend meetings reasonably requested" (emphasis added) to mean "failure to timely provide information or attend meetings reasonably requested."

cause it cannot find "cause," a "failure timely to provide information."

### D. *11 U.S.C. § 1112(b)(1) and (2)*

■ Even if, *arguendo*, the UST had established "cause" to dismiss existed pursuant to the statute, section 1112(b) still provides the Court with some discretion to grant or deny the relief requested.[23] For example, even if "cause" to dismiss is established under the statute, section 1112(b)(1) provides a court with discretion to deny a motion to dismiss or convert if the court finds ". . . unusual circumstances . . . that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate." [24]

In accordance with section 1112(b)(1), the Court finds and specifies that unusual circumstances exist justifying no dismissal, to wit: none of the creditors in this case have joined the UST in this motion and dismissal serves neither them nor the Debtor. Moreover, no harm, no prejudice, and no detriment to any party has occurred as a result of the delayed "appending" of the designated documents.

■ In addition, assuming *arguendo*, the UST's had established "cause" to dismiss existed pursuant to the statute, the Court would, under the facts of this case, still not grant the relief delineated in section 1112(b)(1). Section 1112(b)(2) provides a court *shall not* grant a motion to dismiss, absent unusual circumstances, if a debtor objects and establishes (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes in section 1121(e) and 1129(e) and (B) the grounds for granting such relief include "an act or

omission of the debtor other than under paragraph 4(A) . . . for which there exists a reasonable justification for the act or omission [and] that will be cured in a reasonable period of time fixed by the court." [25]

Here the Debtor has objected to the UST's Motion to Dismiss. The Court finds there is a reasonable likelihood this small business matter's plan will be confirmed within the timeframes in sections 1121(e) and 1129(e). The cited timeframes are not unreasonable and the parties to this case agree the matter is simple and the issues at hand are relatively straight forward as there are few significant creditors and there are limited assets.

Further, the Court also finds, under these particular circumstances that the failure of Debtor's counsel to contact the UST prior to April 6, 2006 (the "act or omission of the debtor") is excused by the UST's failure to contact, or pursue, or leave a message for any of the other attorneys at the firm to get compliance on scheduling the initial debtor interview. In addition, there is no need to "cure" any act or omission, pursuant to 11 U.S.C. § 1112(b)(2)(B), as the parties conferred in a not unreasonable period of time which did not delay the initial debtor interview or the creditor's meeting. As stated, *supra*, Debtor's delay in filing the designated documents was required because the business' accountant was unable to devote the time necessary because it was the middle of the peak tax preparation season and the UST agreed to an extension of time for Debtor to file the required documents. Finally, no "unusual circumstances" have been pre-

23. *See Small Business Administration v. Preferred Door Company, Inc.,* 990 F.2d 547, 549 (10th Cir.1993) (stating bankruptcy courts under 11 U.S.C. § 1112(b) generally have broad discretion to convert or dismiss Chapter 11 cases).

24. 11 U.S.C. § 1112(b)(1).

25. 11 U.S.C. § 1112(b)(2)(A) and (B).

sented by the UST, nor identified by the Court, such that the Court should still dismiss this case pursuant to section 1112(b)(1) or (2).

## VI. *Conclusion*

For the reasons stated above, the Court finds that the failure to append the documents required pursuant to 11 U.S.C. § 1116(1) to a small business voluntary Petition does not mandate automatic dismissal of the underlying case. The failure to attach the Small Business Documents at the time of filing the Petition, in this case, did not constitute an "unexcused failure" pursuant to 11 U.S.C. § 1112(b)(4)(F). Nor does the failure to attach the Small Business Documents at the time of filing the Petition, or Debtor's counsel's delay in contacting the UST, in this case, rise to the level of failure to timely provide information pursuant to 11 U.S.C. § 1112(b)(4)(H).

The Court finds Debtor's delay in this case in filing the required documents listed in 11 U.S.C. § 1116(1) was reasonable and justified based on the particular circumstances. This case is relatively simple and involves few creditors. The delay was caused solely by Debtor's dependence on its accountant and its accountant's busy schedule during the height of the tax season. Debtor's counsel took reasonable steps to file the missing Small Business Documents as soon as possible and filed them prior the April 18, 2006 initial debtor's interview.

The initial debtor's interview and the creditor's meeting both took place with no delay from the dates established by the UST. None of the deadlines for filing and confirming Debtor's plan pursuant to 11 U.S.C. § 1121(e) or 11 U.S.C. § 1129(e) will be impacted. The delay was minimal and did not prejudice any party involved in this case.

## VII. *Order*

IT IS THEREFORE ORDERED that the United States Trustee's Motion to Dismiss for Failure to Comply with 11 U.S.C. § 1116 and for Other Cause Under 11 U.S.C. § 1112(b)(4) filed April 12, 2006 (DOCKET # 19) is DENIED.