**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re:  JAY X. VINCENS,

          Debtor.

_____

JAY X. VINCENS,

          Appellant,

v.

CONVENIENCE PLUS PARTNERS,
LLC,

          Appellee.

No. 08-8014
(D. Wyoming)
(BAP No. WY-06-96)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Jay X. Vincens appeals a decision from the Tenth Circuit Bankruptcy

Appellate Panel (BAP) affirming the bankruptcy court's dismissal of his

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Chapter 11 bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d)(1) and affirm.

On October 6, 2005, Mr. Vincens filed in the United States Bankruptcy Court for the District of Wyoming a voluntary Chapter 13 petition. Convenience Plus Partners, LLC, Mr. Vincens's primary secured creditor, held the mortgage to his primary property and business, the Highwayman Truck Stop in Lander, Wyoming. On October 26 Convenience moved to convert the case to a Chapter 7 proceeding, alleging that Mr. Vincens lacked a source of income sufficient to repay his debts because the truck stop was closed. Mr. Vincens responded by filing a motion to convert the Chapter 13 proceeding to a Chapter 11 proceeding, which the bankruptcy court granted on March 1, 2006. On July 18, 2006, the United States Trustee moved for conversion of the case to a Chapter 7 proceeding or dismissal of the case altogether, arguing that there had been no ongoing business operations at the truck stop; substantial work was needed to bring Mr. Vincens's business operations up to code; the bankruptcy court's docket showed a lack of activity since conversion of the case to a Chapter 11 proceeding; and no disclosure statement or plan of reorganization had been filed. After holding a hearing on the Trustee's motion, the bankruptcy court dismissed the case on August 31.

Chapter 11 provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the

best interests of creditors and the estate, if the movant establishes cause."

11 U.S.C. § 1112(b)(1). "[T]he term 'cause' includes— (A) substantial or

continuing loss to or diminution of the estate and the absence of a reasonable

likelihood of rehabilitation . . . [and] (J) failure to file a disclosure statement, or

to file or confirm a plan, within the time fixed by this title or by order of the

court." *Id.* at § 1112(b)(4). The bankruptcy court determined that the trustee

established sufficient cause:

> In sum, the business is non-operational; a plan is not proposed and
> depends on too many outside forces to be feasible; [Mr. Vincens] has
> no income, no refinancing, and no business records; the creditors in
> this case are not protected by equity or progress; and [Mr. Vincens]
> while striving to save the business, cannot realistically proceed under
> the circumstances. The delay is prejudicial to the creditors.

*In re Jay X. Vincens*, No. 05-22317, slip op. at 3 (Bankr. D. Wyo. August 31,

2006).

Mr. Vincens appealed the decision, and on January 4, 2008, the BAP

affirmed. Before the BAP, as here, Mr. Vincens focused his arguments on

Convenience's alleged malfeasance with respect to the sale of the truck stop; he

did not (and does not now) point to a reasonable plan of reorganization as

required under Chapter 11, nor does he explain why he failed to submit such a

plan. In affirming the dismissal, the BAP explained:

> [S]ince [Mr. Vincens] seeks Chapter 11 bankruptcy relief, he must
> comply with the Bankruptcy Code's requirements in order to obtain
> it. This he has failed to do. Significantly, [he] failed to propose a
> feasible plan based on objective fact, and failed in any other way to

> move forward in his efforts to "revive" the business. Moreover, it does not appear likely that he would be able to anytime soon. [His] allegations against [Convenience], while possibly appropriate in an objection to its claim, are essentially irrelevant to the obligations under Chapter 11 to proceed with a confirmable plan. His insistence on pursuing those claims prior to making any real effort to objectively describe how the business can be successfully reorganized is simply not an alternative to proposing a plan in a Chapter 11 bankruptcy case. The bankruptcy court's findings with respect to delay are not clearly erroneous.

*Vincens v. Convenience Plus Partners, LLC (In re Jay X. Vincens)*, BAP No. WY 06-096, slip op. at 5 (B.A.P. 10th Cir. January 4, 2008) (footnote omitted). For the reasons stated in the BAP opinion, we affirm the bankruptcy court's dismissal of Mr. Vincens's case. *See SBA v. Preferred Door Co., Inc. (In re Preferred Door Co., Inc.)*, 990 F.2d 547, 549 (10th Cir. 1993) ("Dismissal . . . is appropriate where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so whether the reason for the debtor's inability to file is its poor financial condition, the structure of the claims against it, or some other reason.").

Finally, we note that we have not been deprived of jurisdiction by mootness. Convenience argues that the appeal is moot because Mr. Vincens no longer owns the truck stop. We acknowledge that sale of the property might moot the case if the issue on appeal were the propriety of the sale, *see Alexandria Nat'l Bank of N. Va. v. Nat'l Homeowners Sales Serv. Corp. (Matter of Nat'l*

*Homeowners Sales Serv. Corp*.), 554 F.2d 636 (4th Cir. 1997); but the sale does not moot the existence of the Chapter 11 case itself.

We AFFIRM the bankruptcy court's judgment and DENY all pending motions. Appellant's motion to proceed in forma pauperis is denied. Appellant shall pay the entire filing fee for this appeal forthwith.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge